*W. Herod* and *S. Stansifer*, for the appellant.

*R. Hill*, for the appellee.

Nov. Term, 1857.

BRONSON v. HICKMAN.

Monday, December 14.

---

## BRONSON *v.* HICKMAN.

Where a motion for a new trial has been overruled, this Court will not interfere with the verdict on the ground that it is not sustained by the evidence, except in extreme cases.

To entitle a party to a new trial on the ground of newly discovered evidence, it must appear that the evidence is not merely cumulative; that it was discovered after the trial; that there was no want of diligence; and that it would probably change the result.

Nov. Term,
1857.

BRONSON
v.
HICKMAN.

Monday,
December 14.

APPEAL from the *Allen* Circuit Court.

STUART, J.—The cause was commenced by *Hickman* against *Bronson*, before a justice, where the plaintiff had judgment for 53 dollars and 81 cents. On appeal to the Circuit Court, *Hickman* had judgment for 50 dollars. The motion for a new trial, assigning for cause the insufficiency of the evidence, and newly discovered evidence, was overruled.

The evidence in the cause is made part of the record in proper form.

The same causes are assigned for error, which were assigned for a new trial.

The first, viz., the insufficiency of the evidence, cannot be noticed. There is no such glaring insufficiency of proof as would justify this Court in interfering with the verdict, sanctioned, as it has been, by the action of the Court below in overruling the motion for a new trial. This has long been the settled rule in this Court. *Mann* v. *Clifton*, 3 Blackf. 304.—*Watson* v. *Allen*, 4 Ind. R. 537 (1).

The second point made, viz., the newly discovered evidence, presents more difficulty. The judgment recovered was 50 dollars. The defendant below produced his own affidavit, and the affidavits of two other witnesses, agreeably to the rule as heretofore held by this Court. 4 Blackf. 308.—*Priddy* v. *Dodd*, 4 Ind. R. 84. Nothing was wanting in point of form.

The only question is as to the substance. The newly discovered evidence should seem obviously sufficient to change the result upon a new trial. *Hull* v. *Kirkpatrick*, 4 Ind. R. 637. Nor where the evidence is merely cumulative will a new trial be granted. *Jennings* v. *Loring*, 5 Ind. R. 250.—*Simpson* v. *Wilson*, 6 *id*. 474. In this latter case it was held, too, that the evidence must have come to his knowledge after the trial; that it must appear that its discovery so late was not owing to a want of diligence; and that it would probably produce a different result (2).

Tested by these rules, we think the party entitled to a new trial. There are two witnesses to the same fact. Both swear that they heard the plaintiff below admit, just

before the trial, that the defendant below owed him justly
about ten or twelve dollars; and that they did not commu-
nicate this admission to the defendant below until after
verdict. We cannot say what effect this would have had
on the jury. But in weighing it here with reference to the
party's right to a new trial, we must look at the evidence
in the cause. That consisted almost entirely of vague ad-
missions of the defendant below. The jury might have
regarded the admissions of the opposite party, so far as
they went, a sufficient answer. And as these witnesses
appeared to the Court below, or as they appear to us, it is
not easy to see how anything is to be presumed against
their credibility.

We, therefore, think the newly discovered evidence ma-
terial, and likely, in the state of the evidence presented by
the record, to have changed the result. Nor does it appear
that there was any negligence in discovering it; or that
any degree of diligence could have ascertained it sooner.

*Per Curiam.*—The judgment is reversed with costs.
Cause remanded, &c.

*L. C. Jacoby*, for the appellant.
*D. H. Colerick*, for the appellee.

(1) *Roberts* v. *Nodwift et al.*, 8 Ind. R. 339.—*Gibson* v. *The State*, 9 id. 264.
(2) *Gibson* v. *The State*, 9 Ind. R. 264.—*Swift* v. *Wakeman*, id. 552.