ALMON A. STROUT *vs.* DONALD M. STEWART.

*New trial, for evidence newly discovered and not cumulative.*

In an action to recover for professional services, rendered in the superior court upon an engagement made through another attorney, residing in the same city with the defendant, the defendant denied that he ever authorized the employment of the plaintiff; and had a verdict, based upon his testimony to this effect. Subsequently, the plaintiff learned that, long prior to the trial of the present case, Mr. Stewart had several times stated to acquaintances in Ellsworth, where he lived, that Mr. Strout was his counsel in Portland, in his litigation there; *held,* that this was not only newly discovered evidence, but that it was not cumulative; and therefore it entitled the plaintiff to a new trial.

ASSUMPSIT.

MOTION FOR A NEW TRIAL by the plaintiff, upon the ground that the verdict against him, rendered at the April term, 1874, of the superior court for Cumberland county, was contrary to the law, and the evidence, and the weight of the evidence. At the May term, 1874, of that court the plaintiff filed another motion to set aside the verdict on account of newly discovered evidence relative to the matters at issue between these parties.

In September, 1869, there was a suit entered in the superior court in favor of J. B. Mathews and others against Donald M. Stewart, in the defence of which Mr. Strout appeared, in compliance with a request to do so contained in a letter from George S. Peters, Esq., of Ellsworth, Mr. Stewart's attorney there. The services were charged upon the plaintiff's books to Mr. Peters, but this was done through misapprehension upon the part of the bookkeeper, without any directions from Mr. Strout and without his knowledge. Mr. Peters, called as a witness by the plaintiff, testified that he engaged Mr. Strout at the suggestion of the defendant. Mr. Stewart, testifying in his own behalf, swore that he never employed, or authorized the employment of, any other counsel than George S. Peters, Esq.; did not suggest the engagement of

any Portland lawyer, and did not know there was any such man as Mr. Strout living.

To support his motion for a new trial upon the ground of newly discovered evidence the plaintiff introduced the depositions of two citizens of Ellsworth, each of whom deposed that Mr. Stewart had repeatedly stated that A. A. Strout, Esq., was taking care of his cases for him in Portland; that he had authorized Mr. Peters to engage Mr. Strout's services in these matters.

*Strout & Holmes*, for the plaintiff.

*Clarence Hale*, for the defendant.

DICKERSON, J. Though the verdict in this case is against the weight of the evidence, it is not so manifestly wrong as to require the court to set it aside for that cause alone.

The newly discovered evidence is material and not cumulative, consisting mainly of the admissions of the defendant. As this evidence was not known to the plaintiff at the time of the trial, and could not have been discovered by him by the exercise of due diligence, and, as it is obvious, that, if introduced, it would have reversed the verdict, the motion for a new trial on account of newly discovered evidence is sustained, and a *New trial granted.*

APPLETON, C. J., WALTON, BARROWS, VIRGIN and PETERS, JJ., concurred.