## DARBEE v. ELWOOD.

*New trial — newly discovered evidence — what evidence will not warrant — Presumption of performance of official duty — mutilated tax roll.*

At a trial in which a tax title to certain lands was at issue, the controversy was whether an assessment roll which could not be found contained an assessment on the lands, and was verified by the assessors. Evidence was given to prove and disprove such defects, and that the tax roll which was delivered to the collector was defective in like manner. The jury found in favor of the regularity of the assessment. The tax roll was after the trial found in a mutilated condition, and it did not contain the assessment or verification. *Held*, not sufficient to authorize a new trial, as (1) the defect in the tax roll would not be evidence that the assessment roll was in like manner defective, and (2) the roll being mutilated, the presumption was that such assessment and verification were upon the missing parts.

APPEAL from an order denying a motion for a new trial upon the ground of newly discovered evidence. The action was brought in Delaware county by Phebe A. H. Darbee against Alexander Elwood and another to recover damages for trespass in cutting and taking timber from lands claimed by plaintiff to belong to her. Plaintiff derived title through a deed given by the county treasurer of said county to lands in said county upon a sale thereof for unpaid taxes. Defendants also claimed title to the said lands through a former owner, and that the treasurer's deed was invalid by reason of irregularities in the assessment of the taxes under which the sale was made. The jury at the trial found in favor of plaintiff. From the judgment entered thereupon defendants appealed to the court of appeals. Pending that appeal this motion was made. Other facts appear in the opinion.

*William Youmans*, for appellants.

*William Gleason*, for respondent.

By THE COURT. — This is an appeal from an order denying a motion for a new trial on the ground of newly discovered evidence.

It became a very important, if not a controlling question, on the trial of this action, whether the assessment roll made for the town of Colchester in the year 1849 contained an assessment of the lands

in controversy, and was also duly verified by the assessors of that town.

The original roll could not be found, and secondary evidence was given *pro and con.* on these questions. The case was sent to the jury on the evidence, under the charge of the judge, to the effect that, if they should find that the original assessment roll had the certificate of the assessors upon it, then it was perfect, and the *tax deed* relied on by the defendants was valid; and the judge added, "If you shall find that the assessment roll was defective, then the plaintiff will fail in this action, and your verdict should be for the defendants." The jury found for the plaintiff. Some of the evidence on the trial bore upon the sufficiency or regularity of the *tax roll*, also the roll delivered to the collector with the warrant signed by the supervisors attached; and this roll was not produced, and seems also to have been at the time lost or mislaid. After the trial, the defendants' counsel found or learned where this *tax roll* was, and on inspecting it, discovered that it did not contain any certificate or verification by the assessors; nor did it contain an assessment of the land in dispute. A motion was thereupon made for a new trial, on the ground that this paper, showing these defects conclusively, could now be produced, and also upon the further ground that this paper was in the possession of the plaintiff's counsel at the time of the trial, and was fraudulently suppressed by him.

The last ground stated, it seems, was fully met and overcome by the answering affidavits. The counsel repel the charge of an intention to suppress this paper, and show that it was the other roll — the assessment roll — as to which inquiry was material; and that there was not, in fact, any withholding of either on their part. Without here collating the affidavits, or making extracts from them, it is deemed sufficient to say that the charge of a fraudulent suppression of evidence is not satisfactorily established.

Were it, however, made now to appear that the tax roll found since the trial, and now produced, clearly and absolutely settled the question controverted on the trial on oral proof, contrary to the verdict, then a new trial should be granted; for a false verdict should not be allowed to stand.

So, too, if it should appear fairly probable that with the newly discovered evidence, having the strength and verity which usually attaches to a written instrument, a different verdict would be ren-

dered, then also should a new trial be allowed. The rule is, that if it appear that the newly discovered evidence be so far satisfactory and conclusive in its character, that it would probably produce a different verdict from that rendered, a new trial should be granted.

Tested by this rule, how stands the case under examination? In the first place, the production of the *tax roll* would not show the assessment roll made by the assessors defective in the particular urged on the trial. Notwithstanding the *tax roll* had not the assessors' certificate of verification attached, the assessment roll might well have been perfect in this regard, and the case would still have been open to oral proof on that point, in which case, for aught that appears, the proof and the verdict would have been the same as on the former trial. Indeed, it was then an established or conceded fact, that the *tax roll* had not the verification of the assessors attached to it, and the judge charged in terms that it appeared "that the tax roll did not have the certificate of the assessors." Therefore the case, under the charge of the judge, was all that the production of the tax roll would have made it, as regards the absence of the assessors' certificate; and its production, consequently, would not have strengthened the defendants' position on the trial in that particular.

Clearly its production would not have made it to appear with certainty nor with any greater degree of probability than was then apparent that the assessment roll was without verification by the assessors.

But there is great difficulty in holding, on the proofs before us on the motion, that the tax roll now produced is of controlling significance in any particular material to this case. The paper is enveloped in suspicion to an extent which materially shakes its integrity. It is doubtful whether a jury would hold it at all reliable as the precise and *entire paper* issued to the collector, under which he was empowered to make collection of the taxes. It is shown to be in a mutilated condition. According to the affidavits read on the motion, much that originally belonged to it has been detached. The papers before us tend strongly to show that it originally embraced assessments of lands of non-residents not now appearing thereon. If it be true that this tax roll now produced is imperfect — has been mutilated — that a portion of it, as originally issued to the collector, has been detached — it would afford but the slightest

evidence, if indeed it would any whatever, tending to impeach the correctness and completeness of the assessment roll, made and filed by the assessors. It cannot be well disputed that on the papers before the court the integrity of this tax roll is greatly impaired, not to say effectually impeached. Its production under the assailing evidence here brought against it would not establish its own original entireness, what it originally contained, much less prove any thing against the completeness and legal effect of the assessment roll filed by the assessors. Thus the case is not brought within the rule requiring the granting of a new trial, when the newly discovered evidence would establish a case contrary to the finding of the jury, or would probably induce and support a verdict different from that already rendered. It is laid down in the books that the evidence should be so decisive in character as that to a reasonable certainty it would be productive on another trial of an opposite result. Hilliard on New Trials (2d ed.) 491; *Powell* v. *Jones,* 42 Barb. 24; *U. S.* v. *Connell,* 2 Mason, 91: *Bronson* v. *Hickman,* 10 Ind. 3; *Simpson* v. *Wilson,* 6 id. 474; *Hull* v. *Kirkpatrick,* 4 id. 638; *Been* v. *Palmer,* 23 Vt. 244; *Snowman* v. *Wardwell,* 32 Maine, 275. The production of this paper, with the suspicion that rests upon its integrity, would not remove the difficulties of the defendant's case or make it clearer or more satisfactory than when presented to the jury on the former trial. The case would still be one resting on conflicting evidence and doubtful facts, substantially as when before submitted. The same uncertainty would remain as before existed.

We are of the opinion that the motion was properly denied by the court at special term, and that the order appealed from should be affirmed with $10 costs.

