# SUPREME COURT.

DUDLEY G. GAUTIER and JOSIAH H. GAUTIER, plaintiffs, agt. THE DOUGLASS MANUFACTURING COMPANY, THE RUSSELL AND ERWIN MANUFACTURING COMPANY and THOMPSON J. S. FLINT, impleaded, &c., defendants.

*New trial — Newly discovered evidence — Surprise — Laches.*

To furnish proper and sufficient ground for a new trial on the ground of *newly discovered evidence*, the same must have been discovered since the trial, and must be shown to have been out of the parties' power by diligence to have been discovered before.

It is only in a case of indispensable necessity that a party will be relieved by the granting of a new trial.

A motion for a new trial should be denied where it appears that the newly discovered evidence is partially cumulative, and where most of the witnesses by whom it is alleged that the newly discovered evidence will be given were examined upon the trial, and being in the employ of the defendants could have been examined, if due diligence had been used, and by a proper examination or cross-examination of those witnesses the facts now sought to be established could have been elicited.

Where a question asked a witness on the trial was excluded by the court as incompetent, and an exception thereto was taken, a new trial should not be granted to enable other witnesses to testify to the same matter. The ruling of the court in excluding the evidence should be passed upon by the general term on appeal.

A new trial will not be granted where the alleged "newly discovered evidence" is material only to impeach or *contradict* witnesses sworn on the former trial.

Motions for a new trial are addressed to the sound discretion of the tribunal before which they are heard, and if the moving party is overborne by the affidavits of his adversary, the court ought not, in the absence of evidence impeaching the character of the parties making such affidavits for truth and veracity, to disturb a judgment after hearing at special term.

Gautier agt. Douglass Manufacturing Company.

A refusal of the court to postpone the trial on account of the illness of
a party to whom the defendants allege the management of the trial
was intrusted, is a matter in the discretion of the justice who tried the
cause, and should not be interferred with by another justice sitting at
the same branch of the court, except where the discretionary power has
been abused or most unwisely exercised; especially where the trial was
by the court without a jury, in which case, under section 268 of the
Code, an appeal lies directly to the general term.

*June Special Term*, 1876.

This action was commenced on the 18th day of November,
1874, by the service of the summons, and an order to show
cause why a receiver should not be appointed, the latter being
returnable December 1, 1874.

The motion for a receiver was from time to time adjourned,
until the 27th day of January, 1875, when it was argued, and
on the 30th day of January an order was made and entered
on said motion appointing a receiver in said action, unless the
defendants deposit $50,000 in a certain trust company, to the
credit of this action, and on the 1st day of February, 1875,
such deposit was made by the defendants, in compliance with
said order.

On the 29th of January, 1875, answers were served by the
several defendants.

On the 11th day of March, 1875, plaintiff's attorneys filed
a note of issue herein, and on the following day served a
notice of trial for the April term following.

On the 21st day of April, 1875, the cause was called on the
day calendar of the Special Term for trial, when an objection
was made by defendant's counsel to proceeding, for the reason
that the action should properly be referred, on the ground that
an accounting was prayed for in the complaint, and that as a
lien was claimed by the plaintiffs on certain property alleged
to have been transferred to the defendants, an accounting
would be necessary in order to ascertain what property, if
any, had been so transferred, and its value ; and another of
the grounds being that as plaintiff's claim was based, among

other things, on an assignment of a residuary interest on said property, it would be impossible to ascertain what that interest was without an accounting. Plaintiff's counsel insisted that the motion for a reference should have been made at chambers upon notice. The justice then holding special term thereupon took the papers, stating that he would look at them and decide on the day following. On the 22d day of April, the said justice marked the cause off the term, stating that he would let the defendants make their application for a reference at chambers.

On the 21st day of May, 1875, plaintiff's counsel served on the counsel for the defendants a notice waiving the cause of action based on the residuary interest mentioned.

On the 29th day of May, 1875, the defendants' attorney served on plaintiff's attorneys a notice of motion for a reference based on an affidavit, the said motion being noticed for June seventh, following.

On the first day of June, plaintiff's attorneys served a notice of motion to restore this action to the calendar for trial, and on the eighth day of June an order was made and entered, placing this cause on the day calendar of June tenth for trial.

On the seventh day of June the motion on the part of the defendants for a reference was argued before his honor judge BRADY, sitting at chambers.

On the ninth day of June an order was made and entered denying said motion for a reference, for the reasons stated in the following opinion:

BRADY, J. — The plaintiffs declare, through their counsel, that their success in this action depends, first, upon the construction of the papers creating a trust mentioned in the pleadings, and that unless, under and by virtue of the construction given them, a lien results in their favor, this action cannot be maintained. The motion for a reference is therefore denied. It is conceded that if the lien is declared to exist, a reference to take an account will become necessary in

order to ascertain against what the lien may be applied. Motion denied for these reasons.

The cause finally came on for trial before Mr. Justice DONOHUE, at a special term of the supreme court on the 17th day of June, 1875, and lasted several days, a large number of witnesses being called and examined on both sides. The judge held the case for several months after the hearing before rendering his opinion, judgment being entered February 5, 1876, when the court rendered a personal money judgment against the defendants, the Douglass Manufacturing Company, the Russell & Erwin Manufacturing Company, and T. J. S. Flint, for $41,814.22.

A motion for a new trial was made on the part of the defendants, on the ground of surprise and newly discovered evidence, based upon numerous affidavits, and came on to be heard at a special term of this court before Mr. Justice LAWRENCE, on the 28th day of November, 1876, which was denied, the following opinion being rendered. Further facts appear in the opinion.

*Owen & Gray*, attorneys, and *John E. Parsons*, of counsel, for plaintiffs.

*L. C. Ashley*, attorney, and *L. R. Marsh*, of counsel, for defendants.

LAWRENCE, *J.* — I do not agree with the counsel for the plaintiffs that this motion should be denied on the ground that the defendants were guilty of laches in not making the motion at an earlier date.

The affidavit of Mr. Ashley, one of the counsel for the defendants, sufficiently excuses any apparent laches in that respect.

It is my opinion, however, that the motion should be denied, for the reason that the newly discovered evidence on the part of the defendants is partially cumulative, and on the further ground that most of the witnesses by whom it is

Gautier agt. Douglass Manufacturing Company.

alleged that the newly discovered evidence will be given were examined upon the trial, and being in the employ of the defendants, could have been examined if due diligence had been used, and by a proper examination or cross-examination of those witnesses, the facts now sought to be established by the defendants could have been elicited (*Leavy* agt. *Roberts*, 2 *Hilton*, 285).

In *Floyd* agt. *Jayne* (6 *Johnson's Ch. Reports, p.* 479) Chancellor KENT held that it would be establishing a grevious precedent, and one of great public inconvenience, to interfere in any other case than one of indispensable necessity. This does not seem to be such a case.

The witness Swan was examined upon the trial, and the question as to the quality and character of the steel furnished by the plaintiffs was distinctly put to him, which question was overruled, and the defendants excepted.

If the court erred in excluding that evidence, the defendants have their remedy on appeal.

The other witnesses, by whom it is alleged that the defendants expect to prove that they are entitled to a rebate or offset on account of the unmerchantable or unfit character of the steel furnished by the plaintiffs, could only give evidence of the same kind, as to the quality of the steel as the witness Swan, and the question whether such evidence was competent at all being raised by the exception to the exclusion of Swan's evidence, a new trial should not be granted to enable those witnesses to testify. The competency of the evidence will and must be passed upon by the general term on the appeal upon the case made. If incompetent it cannot be received, even if there should be numberless witnesses who would give such evidence, and the right of the defendants to give such evidence can just as well be settled upon the rejection of the testimony of one witness and an exception thereto, as upon the exclusion of the testimony of many witnesses.

The witness Bruff was also examined on the trial, and the excuse given for not then examining him as to the points

referred to in the plaintiff's affidavits, for the reason that he had, or was supposed to have had, a bias against the defendants, affords no ground for granting a new trial.

The witness was sworn to tell the whole truth, and it cannot be presumed that if interrogated properly his bias, even conceding it to have existed, would have led him to have sworn falsely.

If there is any reason for supposing that he would have given a false statement of the contract with the plaintiffs, or of the course of dealing with them on account of such bias, the court surely cannot now be asked to give any weight to the affidavit which he makes in this motion.

Again, a party is chargeable with laches, who, previously to the trial, knew that the witness whose testimony he seeks to introduce as newly discovered evidence, must probably, from his situation and employment at the time of the transaction, the subject of the controversy, have been conversant with the facts in relation to such transaction and who yet does not examine the witness in regard to those facts (*People* agt. *Superior Court*, 10 *Wend.*, 285, 292).

In my opinion it is quite apparent, from the whole case, that the defendants must have known that Bruff would be a witness upon the trial, and certainly they knew, when he was put upon the stand, that he could testify as to what the agreement between the unincorporated Douglass Manufacturing Company and the plaintiffs really was. The defendants, in respect to the testimony of this witness, have not shown due diligence.

The witness Burdell was also examined on the trial, and testified that he was in the employ of the defendants, the Russell and Erwin Manufacturing Company, "to keep the accounts of the Douglass Manufacturing Company by themselves, and in a set of books entirely different from the Russell and Erwin Manufacturing Company."

This witness being in the defendants' employ, and known by them to have charge of the books of the Douglass Manu-

Gautier agt. Douglass Manufacturing Company.

facturing Company, could and should have been interrogated by them as to the accounts between the plaintiffs and that Company, and the failure to do so was laches on the part of the defendants; and even if the defendants did not in point of fact know that he could have testified to the matters, which it is now alleged could have been proven by him, the affidavits of the defendants on this motion do not appear to me to excuse the neglect of the defendants in not ascertaining what evidence could be given by one who was in their own employ and in the same office in which the business of the Russell and Erwin Manufacturing Company was carried on.

This witness was called by the defendants, and there is no reason for supposing that he had any desire to exclude from their knowledge any facts or circumstances of which he was cognizant which might be beneficial to them in resisting the plaintiff's claim.

So far as this motion is based upon the refusal of the court to postpone the trial on account of the illness of Mr. E. E. Flint, and the injury alleged thereby to have been sustained by the defendants, the motion must be denied, because that was a matter which rested very much in the discretion of the justice who tried the cause, and with the exercise of that discretion another justice sitting at the same branch of the court should not interfere, save in a case where the discretionary power has been abused, or most unwisely exercised. Having read over the affidavits and the printed case very carefully, I do not think that in this case I should interfere. Besides, if the justice erred in the exercise of that discretion (as the trial was by the court without a jury), under section 268 of the Code, an appeal lies directly to the general term (*Martin* agt. *Hicks*, 6 *Hun*, 75, and cases cited per DAVIS, *P. J.; 3 Wait's Practice*, 77).

Where the exercise of a discretionary power, vested in one of the justices of the court, is sought to be reviewed, it seems to me much more fitting that such review should take place before a full bench than before a single justice.

Furthermore, the rule is that a new trial will not be granted where the alleged newly discovered evidence is material only to impeach or contradict witnesses sworn on the former trial (*Fleming* agt. *Hollenback*, 7 *Barb.*, 271).

If I correctly apprehend the nature of the evidence alleged to have been newly discovered, it is designed to contradict the plaintiff's evidence in regard to the agreement under which the steel in question was furnished and to show that there was another and a different agreement between the parties which the plaintiffs have violated in charging interest, and by failing to allow credits due thereunder to the defendants for scrap, and for defective steel returned. Evidence was given at the trial in respect to these matters, and the witnesses for the plaintiffs state that the Douglass Manufacturing Company was credited with steel returned.

Again, the affidavits on the part of the defendants are so thoroughly contradicted by those read by the plaintiffs as respects the newly discovered evidence as to preclude me from granting a new trial. These motions, as I understand the decisions, are addressed to the sound discretion of the tribunal before which they are heard, and if the moving party is overborne by the affidavits of his adversary, the court ought not, in the absence of evidence impeaching the character of the parties making such affidavits for truth and veracity, to disturb a judgment after hearing at special term.

The justice who tried this cause decided that so far as the goods made up were concerned, he would admit evidence to show the value of them; but he held that so far as related to the character of the steel, that is " a question to be determined hereafter," and he added: " If the court determines that is a question in the case that goes to a reference. At present I exclude any thing going to the quality of the steel to reduce the price." To this ruling the defendants excepted.

It must be concluded from the judgment which he subsequently rendered, that the justice determined that there was no question involving a reference in the case, and the defend-

ants not only have exceptions to his ruling in this respect, but also an exception to his refusal to find in accordance with the defendants' first request, " that the decision of this court at chambers, denying the defendants' motion for a reference in this case having been based upon the specific statement of the plaintiff's counsel on the hearing of said motion that a hearing of this cause was necessary for the purpose of obtaining a construction by the court, of the written instruments under which the plaintiff's lien is claimed, and that a reference of the case was to be had after obtaining such construction, it is not permissible, therefore, in the present hearing of the case to inquire into or decide upon the matters which, according to said statements, were to be examined before a referee."

If the justice erred either in the exclusion of evidence offered by the defendants to show the character of the steel furnished, or in refusing to order a reference, the exceptions of the defendants will bring up those questions for review before the general term, where the matter can be much more appropriately disposed of, than upon a motion for a new trial at the special term.

The motion is therefore denied, with ten dollars costs.