## COLE *v.* FALL BROOK COAL CO.

*(Supreme Court, General Term, Fifth Department. June 20, 1890.)*

1. NEW TRIAL—SURPRISE.

In an action by a brakeman for personal injuries sustained by his being crushed between two cars, from one of which plaintiff alleged that the bumper was gone, —which was denied by defendant,—a new trial will not be granted defendant on the ground of surprise because plaintiff adduces evidence to show that he was compressed within a space of six inches, and that his injuries are permanent and incurable; as such evidence is within the issues of the case, and cannot be regarded as a surprise.

2. SAME—NEWLY-DISCOVERED EVIDENCE.

Affidavits by physicians that plaintiff could not possibly have lived had he been squeezed within a space of six inches, and affidavits that plaintiff had developed into an able-bodied man since the trial, are merely cumulative evidence, and are not sufficient basis for the granting of a new trial.

Appeal from circuit court, Corning county.

Action for personal injuries by a brakeman against the Fall Brook Coal Company. Verdict and judgment for plaintiff. Defendant appeals.

Argued before DWIGHT, P. J., and MACOMBER and CORLETT, JJ.

*Gabriel L. Smith,* for appellant. *Jacob Schwartz,* for respondent.

CORLETT, J. The plaintiff was employed as a brakeman on the defendant's road, a corporation organized under the laws of the state of Pennsylvania. On the night of the 9th of November, 1887, while engaged in coupling cars, he received severe injuries, which he claimed crushed his hip bones and pelvis, injured his spine, and inflicted other bruises. The plaintiff's contention was that the defendant's negligence consisted in the want of a bumper on the car he was directed to couple to the engine after dark. The material allegations as to negligence, and the extent of the injuries, were put in issue by the answer. The trial was had in Corning in April, 1889, before the court and a jury. It resulted in a verdict of $8,000 for the plaintiff. A motion for a new trial was made before the trial justice upon the ground of surprise and newly-discovered evidence, which was denied. Application for a new trial was also made on a case and exceptions, which was denied. Judgment was entered on the verdict, and the defendant appealed to this court. The material controversy as to the plaintiff's right to recover was narrowed down to the question as to whether the bumper was on the car which the plaintiff coupled to the engine. The plaintiff's evidence tended to show that it was broken off, was an old break of sufficiently long duration to charge the defendant with knowledge of its existence, and that at the time he was directed to make the coupling he was ignorant of the defect, and proceeded in the discharge of his duties upon the assumption that the bumper was all right, and the car in good condition; and that by the negligence of the defendant in the particulars above stated, although he exercised proper care and diligence on his part, he received the injuries for which the verdict was rendered. The defendant's evidence tended to show that the car was in good condition, the bumper on, and that the injuries were not caused by the negligence of the defendant, but by want of care and prudence on the part of the plaintiff. The

v.10N.Y.s.no.5—27

defendant also controverted the extent of the plaintiff's injuries, but swore no witnesses on that branch of the case. The charge of the trial justice was in all respects as favorable to the defendant as it had a right to claim, and the jury found in favor of the plaintiff's contention, assessing the damages at the sum above stated.

There is no serious controversy upon this appeal as to the sufficiency of the evidence to warrant the verdict, or the correctness of the charge; nor is it plain that any exceptions were taken involving error. The real controversy is whether a new trial should be granted because of surprise and newly-discovered evidence. On the trial the plaintiff's evidence tended to show that the parts injured were crushed within a space of 6 inches, while the defendant's evidence tended to show that there was a space or opening of 12 inches. The plaintiff's evidence also tended to show that his injuries were of a permanent and incurable nature, and that his future life would be one of suffering and comparative uselessness. The defendant's evidence on the question as to the extent of the injuries was confined to the light thrown on the subject by the cross-examination of the plaintiff's witnesses. The bumper in question was upon a gondola car at the rear end of the engine-tank, where the plaintiff was crushed. The plaintiff was a large man, his dimensions from hip to hip being about 16 or 17 inches, and his weight 200 pounds. The defendant claims that squeezing a man of his measurement and size within a space of 12 inches would produce the injuries complained of. The question as to whether the bumper was gone, or as to whether the plaintiff was squeezed into the narrow place claimed by him, was sharply litigated upon the trial. It is a familiar rule that evidence within the issues framed cannot be urged as a surprise. *People* v. *Marks*, 10 How. Pr. 261. Where unexpected evidence is given on the trial, and the party is surprised, if plaintiff he may withdraw a juror, and if defendant move for a postponement. *Messinger* v. *Bank*, 48 How. Pr. 542. The cause of the injury, including the existence of the bumper, was in issue, and sharply litigated, as was the extent of the compression or squeezing of the plaintiff's injured parts, the seriousness of his injuries, and his own freedom from negligence. The defendant cannot, within the rules above referred to, successfully urge any evidence within the issues as a surprise upon it. If, in fact, evidence was given it did not anticipate, and which threw it off its guard, it was proper to apply to the court for a postponement; but after a verdict, when no such application was made, it is too late to urge such considerations as sufficient reasons for the granting of a new trial.

The rules applicable to new trials for newly-discovered evidence are very familiar. The evidence must be discovered since the trial; it must appear that it could not have been obtained on the trial by the exercise of reasonable diligence; it must be material to the issues; it is not sufficient if it merely tends to impeach witnesses; it must not be cumulative; it must also be reasonably certain that a new trial will change the result. Baylies, New Trials, 525; *Raphelsky* v. *Lynch*, 43 How. Pr. 157; *Darbee* v. *Elwood*, 67 Barb. 359; *Bank* v. *Heaton*, 6 Thomp. & C. 37, 3 Hun, 414; *Sistare* v. *Olcott*, 5 N. Y. Supp. 114. "It is only in case of indispensable necessity that a party will be relieved by the granting of a new trial." *Gautier* v. *Manufacturing Co.*, 52 How. Pr. 325. There is no substantial conflict in the cases. Different impressions and results have sometimes been produced by an application of the facts to each case. Where, for example, a conspiracy based upon fraud and perjury became known after the trial, it might control the application. 43 How. Pr., above cited. The application of the defendant for a new trial on the ground of newly-discovered evidence is based upon the affidavits of 13 different persons, some of whom are physicians and surgeons of alleged prominence and ability. Their affidavits are to the effect that, if the injured portions of the plaintiff's body were compressed within the compass claimed by

him, death was inevitable, and a recovery, partial or complete, impossible. It will be observed that this evidence is in its very nature cumulative. That question was within the issues, and litigated upon the trial. It required the absence of the bumper to render possible the compression claimed on the part of the plaintiff. It is not urged that the crushing of it into so narrow a space could have occurred if the bumper was on the car; so that the evidence disclosed in the affidavits would tend to strengthen the defendant's contention that there was a bumper, and thus overthrow the plaintiff's claim that it was not there. The rest of the affidavits relied on by the defendant bear upon the extent of the plaintiff's injuries, by alleging, with more or less amplification and detail, that after the trial the plaintiff developed into an able-bodied man, performing vigorous and continued labor in various directions. The same remarks apply to this evidence. The extent of the injuries, including their temporary or permanent character, was squarely within the issues, and was necessarily litigated upon the trial. The defendant knew, and it was so appraised by the nature of the injuries, that the plaintiff would make efforts to show all the injuries he had received, for the purpose of increasing damages. It follows that the evidence bearing upon the extent of the injuries would be simply cumulative. In this connection it is not out of place to say that some of those making affidavits were employed by the defendant as detectives to watch the plaintiff, and to make discoveries on the subject stated in their affidavits; but none of them go far enough to show that the plaintiff had committed perjury on the trial, or practiced fraud upon the court, or that he engaged in any conspiracy. It must be assumed, for in the nature of things it always is so, that every person will do the best he can to strengthen his case in all its branches. No intelligent litigant or lawyer can be blind to these universal attributes of human nature.

Sixteen affidavits are produced on the part of the plaintiff to sustain the truth of his contention on the trial. Several surgeons and physicians of alleged standing and experience differ from those making affidavits on the part of the defense, and are to the effect that the plaintiff could be compressed within the limits claimed, and not only survive, but suffer no greater injuries than shown upon the trial. The affidavits of the other witnesses tend to show that he performed some labor before and after the trial, but that his efforts were the result of poverty and necessity, attended with much suffering and inconvenience. The affidavits of the plaintiff and his wife are to the same effect, and tend to show that he in no way exaggerated his case upon the trial, and that all his labors were attended with suffering, and that what he had sworn to upon the trial in reference to the nature and extent of his injuries was in all respects true. Applying to these affidavits the rules above stated, the application for a new trial must be denied. All concur.