## COLE *v.* FALL BROOK COAL CO.

*(Supreme Court, General Term, Fifth Department.* October 23, 1891.)

NEW TRIAL—NEWLY-DISCOVERED EVIDENCE.

In an action for personal injuries plaintiff testified that his hips were crushed, so that it was impossible for him to do manual work, and introduced evidence that his injuries were permanent. Defendant offered no testimony as to plaintiff's physical condition, and there was a verdict for $8,000. Defendant moved for a new trial on affidavits of newly-discovered evidence to the effect that plaintiff, soon after the verdict, engaged in physical labor. Plaintiff filed counter-affidavits that, while he had done some work, his labor was attended by great pain and suffering, and that he was driven to do some work by the necessities of his family. The motion for a new trial was denied. Subsequently the motion was renewed on substantially the same affidavits, and on additional ones, stating that after the trial, and after the first motion, plaintiff performed physical feats for the amusement of spectators, and not to earn money for his family; that he assaulted a person, and in the contest showed great physical strength and ability; and that he had admitted that he had recovered his health and strength. *Held*, that the evidence presented on the second motion was not cumulative, and a new trial was properly granted.

Appeal from circuit court, Monroe county.

Action by Lafayette Cole against the Fall Brook Coal Company for personal injuries. There was a verdict for plaintiff for $8,000. On defendant's motion the court granted a new trial, and plaintiff appeals. Affirmed.

For appeal from former order, denying motion for a new trial, and order denying motion for reargument, see 10 N. Y. Supp. 417, 12 N. Y. Supp. 956.

Argued before DWIGHT, P. J., and LEWIS and MACOMBER, JJ.

*Jacob Schwartz*, for appellant. *Gabriel L. Smith*, for respondent.

LEWIS, J. The plaintiff was injured while in the employ of the defendant as brakeman on the 9th of November, 1887, and brought this action to recover damages for his injuries. The trial took place at the Monroe circuit, before Justice RUMSEY, in 1889, the plaintiff recovering a verdict of $8,000. The plaintiff's evidence tended to show that, while in the act of coupling a switch-engine to a section of a train, he was caught between the end-sills of the tank and a gondola car, and was severely crushed, and that the accident occurred in consequence of the absence of one of the bumpers upon the gondola car. The defendant's evidence sharply controverted the plaintiff's evidence as to the defective condition of the car. The plaintiff's own testimony was substantially all he produced as to the manner in which the accident occurred. He testified that he stepped in between the gondola car and the switch-engine to effect the coupling, and that because of the defective condition of the bumper upon the gondola car he was crushed into a space of about six inches; that he was standing with his sides to the cars, and that the pressure was upon his hips. He testified that his hips were from 16 to 17 inches broad at the place where the pressure came; that before the accident he was an exceptionally strong, robust man, able to perform severe manual labor; and in describing the effect of his injuries he testified that he was confined to his house some 11 or 12 weeks. That since the accident he had tried to do manual work, but could not; his strength gave out: That he had no nerve. "When I endeavor to lift or stoop over it hurts me terribly, so I cannot do it. I can stoop over, but not to raise up with any heft or weight. The pains take me through my hips and across my back, and extend up my back to the back of my head, and sometimes in the temples. When I stoop over in that way, or attempt to do any manual labor, it makes me sick or faint. Any exercise or quick action, or anything of the kind, makes me nervous and faint and trembly. In attempting to do work I fainted away a number of times since. I am home now, and have been ever since. I cannot walk very far at a time. After going about so far, my legs refuse to carry me, and give out. I have no control of them. There don't seem to be any use of the muscles, and they give out, and I have got to get down or fall down." He produced other evidence tending to show that his injuries were of a permanent character. The defendant offered no testimony as to plaintiff's physical condition.

The defendant moved for a new trial before Justice RUMSEY upon the ground of newly-discovered evidence, and produced affidavits tending to show that the plaintiff was not the physical wreck he claimed to be, but that very soon after the recovery of the verdict he engaged in physical labor, and was apparently able to do a man's work. The plaintiff met the defendant's motion by his own affidavit stating that, while he had done some work since the verdict, his labor was attended by great pain and suffering; that he was not, in fact, able to work, but that he was driven to do it by the necessities of a large family; "he was obliged to work or starve." He produced other affidavits to sustain his contention, and the motion was denied. The defendant appealed to the general term from the order denying its motion. The general term affirmed the order, with leave, however, to the defendant to renew the motion upon new papers. 10 N. Y. Supp. 417. The motion was renewed, and on the hearing of the second motion numerous affidavits were read by the defendant. Many of them were made by the same affiants and stated substantially the same facts as those contained in the ones used on the first motion, but they were resworn to. Other affidavits were presented showing

facts and circumstances occurring after the trial and after the making of the first motion, which tended very strongly to show that the plaintiff commenced almost immediately after the trial to perform manual labor and do the work of a strong and able-bodied man. These were practically the same facts as stated in the affidavits upon the former motion; but defendant's affidavits described acts performed by the plaintiff after the trial, consisting of physical feats, which it would have been impossible for him to perform had he been in the physical condition he had testified he was. These feats were performed in a store in the neighborhood where he resided, for the amusement of spectators, and not for the purpose of earning bread for his family. The affidavits further stated that he assaulted a brakeman in a railroad car, and in the contest demonstrated that he possessed great agility and physical strength. They further stated that after the trial the plaintiff admitted that he had recovered his health, and was a strong, able, vigorous man. The plaintiff presented his own and other affidavits controverting the facts stated in the moving affidavits. The plaintiff, however, did concede that he attempted to perform the feats referred to in the moving affidavits, but in so doing did not use much physical strength. Justice RUMSEY, upon the second motion, after a careful examination of the very voluminous papers, granted the motion for a new trial. We think in so doing he exercised his discretion wisely. The facts presented to him on the second motion were much stronger than those presented on the first motion. In deciding the first motion he assumed that the plaintiff, in working, did so with great pain and suffering, but was compelled to work to keep his family from starving. On the second motion it was shown that the plaintiff admitted that he had exaggerated and overstated his condition upon the trial of the case. If plaintiff performed the physical feats mentioned in the moving affidavits, he in a most unmistakable manner contradicted his evidence given on the trial. This latter class of evidence was not cumulative. No evidence of that character was given upon the trial. It did not then exist. In the case of *Strout* v. *Stewart*, 63 Me. 227, the plaintiff sought to recover for professional services rendered by him as an attorney for the defendant upon the employment of another attorney. The defendant denied that he had ever authorized the employment of the plaintiff, and had a verdict in his favor on this evidence. The plaintiff moved for a new trial on the ground of newly-discovered evidence, and produced affidavits showing that the defendant had admitted after the trial that the plaintiff was his counsel in the case. The court held that this was not cumulative evidence. *Gardner* v. *Mitchell*, 6 Pick. 114; *People* v. *Superior Court*, 10 Wend. 294. If the injuries sustained by the plaintiff were not permanent; if, in fact, he has substantially recovered his health, — the verdict was excessive in amount, and justice demands that the defendant should be allowed to present to another jury the newly-discovered evidence, with a view of at least lessening the damages. If the affidavits presented by the defendant are true, the plaintiff deliberately misrepresented his physical condition with a view of deceiving the court and jury. It is apparent to a layman, familiar with the anatomy of the human body, that, had the plaintiff's hips, which he testified were 16 or 17 inches wide, been compressed by a force applied to the sides thereof into a space of 6 or 7 inches, the surgeon who attended him would not have been, as he testified he was, in doubt whether any of the plaintiff's pelvic bones were broken by the accident. If plaintiff was, in fact, injured as he claims, his case will suffer no injury by being retried. The order appealed from should be affirmed, with costs to abide the event. All concur.