(53 Misc. Rep. 32)

### FOGEL v. INTERBOROUGH RAPID TRANSIT CO.

(Supreme Court, Special Term, New York County. February, 1907.)

NEW TRIAL—EXCESSIVE DAMAGES.

> Plaintiff sued to recover for personal injuries. The evidence was conflicting on the question whether there was a fracture of the spinous processes of the vertebræ, which might be followed by permanent paralysis. A large verdict was rendered for plaintiff, which on appeal was affirmed by the Appellate Division, and by the Court of Appeals without prejudice to defendant to move for a new trial on the ground that paralysis had not occurred. Several years had passed since the trial, and plaintiff's physical condition showed that the opinions of experts that the injuries would result in paralysis were not well founded. *Held*, that under the exceptional circumstances of the case, and in furtherance of substantial justice, a new trial would be granted, on payment of trial costs and costs on appeal.

Action by Morris Fogel, an infant, against the Interborough Rapid Transit Company. Judgment for plaintiff. Motion for new trial granted.

Kantrowitz & Esberg (Franklin Pierce, of counsel), for plaintiff.

Charles A. Gardiner (Joseph H. Adams and Frederick S. Randall, of counsel), for defendants.

FITZGERALD, J. Upon the trial of an action to recover damages for personal injuries, a verdict of $6,000 in plaintiff's favor was rendered. Affirmances of the judgment entered upon that verdict have been held at the Appellate Division of this court and in the Court of Appeals. In the opinion filed upon the decision in the Court of Appeals it was said that:

> "The affirmance should be without prejudice to the defendant to move for a new trial upon the ground that paralysis had not occurred."

There was a conflict of evidence upon the trial as to the extent and character of the boy's injuries. A physician called on behalf of the plaintiff expressed the opinion that he had sustained a fracture of the spinous processes of the vertebræ, and that as a consequence, paralysis of the lower limbs would follow within the period of three years from the date of the injury, June 28, 1903. This was disputed by a

physician called by defendant, who testified that, if there had been a fracture of the kind claimed, it had reunited, and that no spinal difficulty whatever was to be apprehended. Plaintiff's physician, upon cross-examination, said that, if paralysis did not appear within three years, then his opinion was it could not thereafter occur as a result of the injury. The doctors upon both sides agreed that paralysis had not at the time of the trial appeared. Upon the conflicting testimony as to future consequences the issue was submitted to the jury. All the rulings of the learned court during the progress of the trial and the instructions given in the charge have been upheld on appeal. If any questions were raised as to the competency or sufficiency of the evidence to sustain the verdict, they have been ultimately determined by the final affirmance.

Events subsequent to the trial have, it is claimed, however, conclusively shown that the opinion of plaintiff's expert was unsound. There is no insinuation of collusion, imposition, deceit, or fraud of any kind having been perpetrated by the plaintiff, his witnesses, or his attorney. An honest mistake in the expression of a physician's opinion is the sole ground of this motion. After developments, refuting an opinion as to future probable results (required to be testified to only with reasonable certainty), cannot be classified as newly discovered evidence, which may be defined as the existence of material facts unknown to the moving party at the time of the trial, and which reasonable diligence could not have discovered. The well-settled rules governing the disposition of applications for new trials upon the ground of newly discovered evidence, as set forth in many adjudications, have no application here. Jensen v. Hamburg-Am. Packet Co., 23 App. Div. 163, 48 N. Y. Supp. 630, was a case where subsequent observation tended to prove that plaintiff deliberately and knowingly magnified his injuries. The same is true of Cole v. Fall Brook Coal Co., 16 N. Y. Supp. 786, 61 Hun, 623. Of a like character are Wood v. Town of Smithfield, 102 N. Y. 288; Nugent v. Metropolitan St. R. Co., 46 App. Div. 105, 61 N. Y. Supp. 476; Corley v. N. Y. & H. R. R. Co., 12 App. Div. 409, 42 N. Y. Supp. 941. While the motion cannot be considered upon the ground of newly discovered evidence, the inherent power of the court may be invoked to grant a new trial in furtherance of substantial justice. It may well be, as insisted upon by plaintiff's counsel, that the granting of the motion under the exceptional circumstances may tend to imperil the security of judgments, may lead to interminable delay in ariving at definite determinations in actions, and may be productive of multitudinous and exasperating applications for new trials in cases, particularly where verdicts rest in any degree upon expert evidence as to future resultant conditions reasonable to be apprehended, thus swelling the volume of litigation and largely increasing the labors of the courts. These are weighty and important considerations, but the opinion of the Court of Appeals, concurred in by all the learned judges (Fogel v. Interborough Rapid Transit Co., 185 N. Y. 562, 77 N. E. 1186), is before me, and, while it may not be absolutely binding as a decision, it is certainly entitled to the highest respect. The language used, which must have been carefully considered, is plain and unequivocal:

"It seems quite clear that the jury awarded damages upon the theory that the plaintiff would suffer from paralysis as the result of his accident."

And again, alluding to the lapse of time:

"That period has now substantially elapsed, and it should be practicable to substitute for opinion and theory actual facts, and quite conclusively to demonstrate whether the plaintiff has in fact suffered from paralysis as the result of the accident. Therefore we think that the affirmance of the judgment appealed from should be without prejudice to the right of the defendant, upon proper proofs showing that paralysis has not occurred, to move for a new trial of this action."

A number of affidavits have been submitted by defendant which abundantly establish the fact that paralysis has not occurred, although more than three years have passed since plaintiff received his injuries. No depositions have been submitted in opposition, and upon the argument it was frankly admitted by his counsel that plaintiff has not suffered and is not now suffering from paralysis. Motion is therefore granted, upon payment by defendant of trial costs and costs on appeal.

Motion granted, upon payment by defendant of trial costs and costs on appeal.