MARCELLUS J. CONNOR, Plaintiff, *v.* JOHN ALLISON and Another, Defendants.*

Supreme Court, Rockland County, February 9, 1927.

Trial — argument of counsel — reference by counsel to defendants' inability to pay judgment and to fact that neither carried insurance prejudicial to plaintiff — verdict in favor of defendants set aside and new trial granted.

A verdict in favor of the defendants must be set aside and a new trial granted, where it appears that during the summation of counsel for one of the defendants reference was made to the financial detriment which would be involved in a verdict adverse to his client and to the fact that neither defendant carried insurance, since the remarks were prejudicial to the injured plaintiff and very likely beneficial to both defendants, although the jurors assured the court that they would not be influenced by the suggestion of counsel. The error of counsel is more noticeable because of the fact that during the summation of his associate, who made reference to the same subject, the court intervened, and ruled that the argument was not proper.

MOTION by plaintiff to set aside verdict for both defendants, and for a new trial.

*Thomas Gagan,* for the defendant Allison.

*Morton Lexow,* for the defendant Ziegler.

TAYLOR, J. In my opinion the trial of this case proceeded without substantial error until the summation of counsel for the defendants respectively. During the trial the counsel for the defendant Ziegler sought to inject into the proceeding the arrest in the civil action of the defendants at the plaintiff's instance. The court in effect ruled that this was improper. In the summation of

---

* See, also, 129 Misc. 226.

the defendant Allison's counsel, he spoke of the detrimental effect financially upon the client of an adverse verdict. The plaintiff's counsel did not object. The court intervened, and ruled that the argument was not proper, and the defendant's counsel made no further reference to that subject.

If this were the sole error in the summations, I would not interfere with the verdict, as plaintiff's counsel practically acquiesced in the remarks until the court intervened. Later the defendant Ziegler's counsel in his summation referred to the subject of the financial detriment which would be involved in a verdict adverse to the defendant Ziegler — a subject which, in his hearing, the court as aforesaid had ruled was not a proper subject of discussion. The same counsel also referred to the inhibited subject of the arrest of the defendants; and while the judge was temporarily absent from the courtroom upon other judicial business, the same counsel in effect urged the jury to find in favor of both defendants, because neither defendant carried insurance — a clearly illegal argument. (*Loughlin* v. *Brassil*, 187 N. Y. 128.) "There can be no question, of course, but that these remarks were entirely improper, and that they were designed to influence the jury by considerations which were not legitimately before them." (*Loughlin* v. *Brassil, supra,* 135.)

To my mind, the remarks were prejudicial to the injured plaintiff, and probably beneficial to both defendants, who were individuals. Because of the said errors on the part of the said counsel for the defendant Ziegler in his summing up, and solely by reason thereof, I determine that the trial, which resulted in a verdict for both defendants, was not a fair trial to which plaintiff was entitled, and that in the interests of justice a new trial must be had between the plaintiff and both defendants. These errors were those of one who is not a novice in the practice of law, but a lawyer of high standing and ability; holding a high official position in Rockland county, all of which circumstances added to the gravity of the errors which I find were substantial, as they were prejudicial to the plaintiff.

I make the determination about to be announced, notwithstanding the fact that the jurors assured the court, when the plaintiff's motion for a mistrial was denied, that the jurors would not be influenced by the suggestions of the defendant Ziegler's counsel in respect to lack of insurance. I do not impugn the sincerity of the pledge of the jurors. I simply hold and determine that a trial characterized by such summing up in the respect indicated should be held for naught. Each lawyer, as well as the judge, is bound to see that a trial is absolutely fair. I have considered carefully

whether the defendant Allison should lose the benefit of the jury's verdict, his learned counsel having no part in the illegal appeal to the jury; but I have decided that the statements of Ziegler's counsel make necessary another trial as to both defendants. I accept the statement of the defendant Ziegler's counsel that the judge's absence from the courtroom in no respect induced the making of the illegal remarks.

The plaintiff is very seriously injured. That circumstance, of course, does not give him a right to a trial more fair than that which is accorded to any litigant. The extent of his injuries, however, makes his said right to a fair trial more impressive. If he is to hear a jury announce a verdict of no cause for action, let it be at the conclusion of a trial in which an improper appeal to the jury on the part of any counsel opposed to him is not an incident.

The plaintiff's motion to set aside the verdict in favor of both defendants and for a new trial is granted, for such errors of law on the part of the defendant Ziegler's counsel and upon the sole ground indicated, which will be recited in the order to be entered. If the defendants, or either of them, shall desire to review this determination, sixty days is granted within which to make a case, provided an appeal to the Appellate Division from the order to be entered hereon is taken within ten days; and in the event that such an appeal is taken, and prosecuted with reasonable diligence, the new trial of the action now ordered will be stayed.

Settle order on notice before me at Mt. Vernon.