JACK CURRAN, Respondent, *v.* ALBERT HARGREAVES, Appellant.

Fourth Department, December 23, 1937.

*Robert E. Dineen* and *Charles O. Maxwell* [*Bond, Schoeneck & King* of counsel], for the appellant.

*Hyman Kopp* [*Jesse E. Kingsley* of counsel], for the respondent.

PER CURIAM. The plaintiff testified upon the trial as to his athletic activities before the accident and then stated that since the accident he had not taken any part in athletics. This testimony was undoubtedly intended to cause the jury to infer that his injuries were so serious that he was not able to participate in athletic games. Furthermore, the plaintiff, when asked upon the trial to state whether he had any difficulty in walking, answered that he threw out his left leg " to keep the ankle [knee] from bearing into the other knee and I cannot extend it completely and cannot straighten it completely out and I cannot double it up." He also testified that he suffered pain if he put much weight on his left foot. He gave a demonstration before the jury of the limitation of motion of his left leg.

It appears from the affidavits of six fellow students of the plaintiff and of the director of athletics of the university which plaintiff attended, that within three weeks after the trial the plaintiff took part in a ball game and that at intervals immediately thereafter engaged in eight other ball games; that he pitched in six of these games, two of them being no-hit games; that he batted and ran bases. The six students say that they did not notice any physical handicap of plaintiff or limitation of motion of his left leg. Defendant thus has presented proof tending to show that plaintiff in his testimony exaggerated his injuries and the seriousness thereof and thus led the jury to increase the amount of his damages. The jury returned a verdict in favor of the plaintiff in this case in the sum of $6,500.

Furtherance of substantial justice, therefore, requires that a new trial be granted so that a jury with the new evidence of defendant's witnesses before it may determine whether or not plaintiff's injuries were as serious as he claimed them to be. (*Cole* v. *Fall Brook Coal Co.*, 16 N. Y. Supp. 789; *Corley* v. *New York & Harlem R. R. Co.*, 12 App. Div. 409; *Jensen* v. *Hamburg-American Packet Co.*, 23 id. 163; *Amalfi* v. *Post & McCord, Inc.*, 250 id. 408; *Barrett*

v. *Third Avenue R. R. Co.*, 45 N. Y. 628, 632; *Fogel* v. *Interborough R. T. Co.*, 53 Misc. 32; 103 App. Div. 609; 185 N. Y. 562; *Brooks* v. *Rochester R. Co.*, 10 Misc. 88.)

There should be taken into consideration, in determining whether substantial justice requires a new trial of this action, the fact that one of defendant's witnesses, although without fault on the part of the plaintiff, disclosed to the jury in his testimony that the defendant was insured. This also may have had some effect upon the size of the verdict.

All concur. Present — SEARS, P. J., EDGCOMB, CROSBY, LEWIS and CUNNINGHAM, JJ.

Order reversed on the facts, with costs, and motion for a new trial on the ground of newly-discovered evidence as to the extent of plaintiff's injuries granted in the interests of substantial justice, with costs.