FRED LINDBOE, an Infant, by J. FRANK FRENCH, His Guardian ad Litem, Plaintiff, *v.* SYRACUSE TRANSIT Co., INC., and EDWARD BARLOW, Defendants.

Supreme Court, Onondaga County, October 11, 1940.

*Sydney C. Blumberg,* for the plaintiff.

*MacKenzie, Smith & Mitchell,* for the defendants.

CROSS, J. The question presented arises on a motion for a mistrial upon the stated facts here involved. The action is an ordinary one in negligence. In impaneling the jury plaintiff's counsel asked a question based on section 452 of the Civil Practice Act as to whether a juror was " a shareholder, stockholder, director, officer or employee, or in any manner interested, in any insurance company issuing policies for protection against liability for damages for injury to persons or property." The counsel for the defendants then stated that, in view of such question, he would state to the jury that the defendants were not insured.

The question asked by plaintiff's counsel was material in obtaining information which might constitute a good ground for a challenge as to the favor of such juror. Neither the statute nor the question is predicated on the ground that the defendant is or is not insured. If a juror comes within any one of the enumerated classifications, irrespective of whether the defendant is insured, a good ground of challenge is presented.

Whether the defendant is insured is immaterial and the courts have uniformly held it to be prejudicial where such showing might have influenced the verdict. (*Loughlin* v. *Brassil,* 187 N. Y. 128; *Connor* v. *Allison,* 129 Misc. 227; *Piechuck* v. *Magusiak,* 82 N. H. 429; 135 A. 534.)

In *Piechuck* v. *Magusiak (supra)* the defendant was permitted to testify that he had no liability insurance. The reasoning in that case which condemns the testimony seems logical and is worth reading in its entirety. The court, among other things, there said: " The evidence is a form of the inadmissible plea of poverty." The court further said: " The correct procedure is to exclude all reference to insurance at these trials. The fact of

insurance may incidentally and unavoidably appear. But even this should not be permitted on slight grounds or for specious reasons. The whole subject is foreign to the issue to be tried, and its introduction, even incidentally, should be avoided whenever it is practicable to do so."

In certain circumstances, the question of insurance may properly arise in a negligence case as in the instance where it may affect the credibility of a witness. (*Di Tommaso* v. *Syracuse University*, 172 App. Div. 34 and cases cited; affd., 218 N. Y. 640.) The instant case does not present such an exception to the general rule. It is dangerous to permit reference to this immaterial issue which the court has held in so many cases was prejudicial. The possibility of useless expense resulting from a reversal of a judgment should be avoided at the outset. The statement that the defendants are not insured opens the door for a reply by opposing counsel that if the court holds this issue to be material, he refuses to concede the truth of the statement without proof to support it. The opposing counsel then may ask the juror if he would assume something to be a fact in the case which had no support in the evidence. To permit a statement of this immaterial fact to the jury is an invitation to its further development along the foregoing lines. Although in the instant action the colloquy did not proceed that far, justice impels to the conclusion that if one party to the litigation may inject into it an issue which is immaterial, the other party has an equal right to be heard on the issue. In my judgment, neither party has a right to intentionally bring the issue of insurance into the case on the record here. The dignity and fairness of the administration of justice require that the court should be alert to shut off such a situation at the very outset. In practice, these jurors are selected in the absence of the judge, and the jury is not in a position to receive immediate instruction which would tend to remove any false impression they might otherwise receive. The jurors generally hearing the statement that this particular defendant is not insured, may naturally infer that all other defendants not making a similar disclaimer are insured. In this way, the minds of the jurors are apt to become focused on the importance of the improper distinction.

It seems to me that it is sound judicial discretion to declare a mistrial when this question arises early in the action at the time when the jury is being impaneled, rather than to await a possible reversal of a verdict on that ground by the appellate court. In *Curran* v. *Hargreaves* (253 App. Div. 121) the Appellate Division, in reversing the judgment of the lower court, said it took into consideration the mention of insurance during the trial, although without fault on the part of the plaintiff. The necessity of excusing the jury

after the non-offending litigant has gone to the expense of preparing for trial, requires that some provision be made to reimburse him by way of allowance of costs.

Under such circumstances, it seems to me the imposition of a trial fee of thirty dollars and disbursements should fairly follow the granting of a mistrial on such stated facts.