Edward T. Sullivan, J.
In Ms examination of prospective jurors, attorney Joseph Duffy, trial counsel for the plaintiff, stated that his client had insured his motor vehicle against collision loss and had collected from his collision insurance company for the loss sustained, less the deductible amount stated in his policy. This same loss or damage arose in the auto accident being litigated. After the close of evidence, both counsel presented their closing arguments without any request that summations be taken by the court stenographer and made a part of the record.
Plaintiff claims that in his summation, counsel for defendant stated in words or substance that, inasmuch as counsel for plaintiff had advised the jury panel that plaintiff was insured, defendant would admit that he, also, was insured; and that it really was a case of insurance company against insurance company. Plaintiff contended that defendant’s admission of “ liability ” insurance by the defendant was prejudicial, and moved for a directed verdict, offering to supply a memorandum to the court. Defense counsel termed this nonsense, but the court reserved decision and requested plaintiff to submit a memorandum on tMs point. After the court’s charge and the jury’s deliberation, the verdict was for the defendant for no cause for action. Plaintiff’s motion to set aside the verdict as against the weight of evidence and other grounds set forth in the CPLR was denied; and on his motion to set aside the verdict on the £ 1 basis of the motion I made * * * at the conclusion of the defendant’s summation ”, the court reserved decision.
Both sides submitted a memorandum of law. In his memorandum plaintiff conceded the fact that defendant’s counsel did not prefix Ms admission that defendant was also insured by the word “liability”. A review of the record reveals these additional facts which also are the findings upon which the court bases this decision. Counsel for both parties admitted to the *411 jurors that his client was insured. It was thus inferred that their respective insurance companies had an interest, direct or indirect, in the outcome of the litigation whatever the verdict. There was no mention of liability insurance, and that such was intended was not a necessary inference. There was no motion for a new trial in the interests of justice under CPLR 4402 (former motion to withdraw a juror and declare a mistrial). The summations of counsel were not made a part of the record, nor was such requested. After the summations, plaintiff renewed his motion for a directed verdict and the court again reserved decision.
This motion for a directed verdict was not a motion for a new trial and if its form is disregarded, it is a motion for judgment under CPLR 4401 and should have been denied by the court without reservation of decision. Since, however, decision was reserved, the court has considered the question raised of prejudice to the plaintiff before the jury where the defendant admits he is insured. The authorities cited by plaintiff do not support his position herein. Plaintiff brought up the question of liability insurance in Loughlin v. Brassil (187 N. Y. 128); and in Connor v. Allison (129 Misc. 227), defendant advised the jury that the defendants did not carry liability insurance. Later, a similar holding was made in Lindboe v. Syracuse Tr. Co. (175 Misc. 396). Unquestionably, the possibility of prejudice before the jury existed for the adverse party when these cases were decided. There was no compulsory liability insurance law then. Now, in commenting on CPLR 4110, permitting jurors to be questioned on their possible interest in liability insurance companies, the legislative committee said: “In the light of the statute on compulsory insurance, the matter appears to be one of limited future importance.”
In any event, in this case the disclosure by defendant’s counsel that defendant was also insured and thus even permitting the possible inference by the jury that he would be able to meet an adverse verdict without personal out-of-pocket loss, did not prejudice the plaintiff with the jury in its decision on the question of liability.
Motion denied, without costs to either party.