FRANKLIN BANK *versus* PRATT.

In an action by an indorsee of a note against the indorser, the maker, when released by the defendant, is a competent witness for him.

In an action by the holder of a draft against the acceptor, the drawer, when released by the defendant, is a competent witness for him.

A mortgage of personal property, given to secure the mortgagee from a contingent liability as an indorser, or surety, upon negotiable paper, is discharged by a payment of such paper.

The rule of public policy, which prevents a witness from impeaching the original validity of a note, which he has put in circulation, does not preclude him from testifying to the payment of the note.

A verdict will not be set aside, on the ground of newly discovered evidence, if, at the trial, the proposed witness was precluded from testifying by reason of his interest in behalf of the party who moves for the new trial; although that interest his since been removed.

EXCEPTIONS by the plaintiffs.

Assumpsit upon a note given by one Seth Wood and indorsed by the defendant ; also upon a draft drawn by said Wood and accepted by the defendant.

Wood had given to the defendant a mortgage of personal property to secure him against said indorsement and acceptance. The defendant released Wood, and offered him as a witness. He was objected to, but admitted by WELLS, J. presiding. His testimony, and the residue of the case, fully appears in the opinion of the court.

WELLS, J. — The maker of the note and drawer of the bill declared upon, was introduced as a witness by the defendant, to show, that the note had been paid, and that the bank never had a legal title to the draft.

It is contended that the witness, Seth Wood, was interested, notwithstanding the release, which he had from the defendant, because he had given to the defendant a mortgage of personal property, to secure him for indorsing the note and accepting the draft. But the release of the claim for indemnity operated as a release of all claim, which could be made by the defendant under the mortgage. Where an absolute debt, secured. by a mortgage, has been paid or canceled, the mortgagee can maintain no action by virtue of it. The same result follows upon the release of the right of action, which the defendant would have against the witness, if he were holden to pay the debts. In no event, after the release, could the witness be made liable to the defendant, and the mortgage, and the liability to secure which it was given, were both at an end.

Nor can the objection, made to the testimony of the witness, on the ground of its contravening public policy, prevail. It does not tend to show, that negotiable paper, to which he had given currency, was void in its inception, through illegality in its consideration.

He said the note had been paid. That testimony pre-supposes it once had an existence, without exhibiting any taint of illegality to aid in the defence. He testified that the draft was lodged in the bank, under an agreement with one of its directors, that it should be discounted, and the money paid to the witness, but the bank declined to pay him the money for it, and he was informed, that it had been passed to his credit. The bank could not become the legal holder of the draft, without the consent of the owner of it; that consent was given upon the understanding, as he said, that he should receive the money. Without its payment according to the agreement, the title to the bill could not pass to the bank. His testimony did not indicate, that the consideration of the

draft was illegal, but that the bank did not acquire a title to it, and it is not affected by the rule as laid down in the authorities cited.

The evidence offered, as newly discovered, under the motion for a new trial, appears to have been known to the officers of the bank at the time of the trial. But one of the witnesses introduced to support the motion, was a stockholder in the bank at that time, and was not called upon to testify. He has since sold his stock to the bank. It was incumbent on the bank, if it had desired his testimony, to have caused his interest to be removed at the time of the trial, or to forego the benefit of it. And such interest may generally be removed in season, by ordinary exertion; but if it cannot be, the witness is excluded when offered, by a well established rule of law, and a subsequent removal of it does not furnish any legal ground for disturbing a verdict. It might place a party in a more favorable position to manifest his rights than he possessed while the interest remained. But that consideration does not furnish an adequate cause for granting a new trial.

Nor can we say, that the verdict is so far against the weight of evidence, as to authorize us to set it aside. It was rendered principally upon the testimony of a witness, whose credibility it was the province of the jury to determine, and it is not apparent, that they have given to it a greater effect, than that to which it was entitled.

*The exceptions and motions are overruled,*
*and judgment rendered on the verdict.*