Alger v. Merritt.

## Alger v. Merritt.

1. New trial: application for new trial. Mere belief that new evidence may be obtained, does not constitute knowledge of such evidence, within the meaning of section 3112 of the Revision of 1860, making newly discovered evidence the ground for a new trial.

2. Same: evidence discovered during the term. When evidence is discovered during the term at which a cause is tried, but so near the close thereof, that an application for a new trial cannot be made before adjournment, it may be made the basis of a petition for a new trial after adjournment, as contemplated by section 3116 of the Revision of 1860.

3. Same: admissions and conversations: impeaching evidence. When a party to an action has given evidence therein, in his own behalf, his newly discovered admissions and conversations, inconsistent with the theory of his defense, as developed by his testimony, will not be considered as impeaching evidence merely; but may constitute sufficient ground for a new trial.

4. Same: cumulative evidence. The general rule is, that a new trial will not be granted upon the ground of newly discovered evidence which is merely cumulative in its character; but when the evidence is as to some fact, which is specifically distinct, and bears upon the issue, though it may be intimately connected with some part of the testimony at the trial,

it will not be considered as cumulative, and may constitute sufficient ground for a new trial.

5. SAME: EXERCISE OF DISCRETION. When a new trial is granted by the District Court, upon the ground of newly discovered evidence, which is claimed to be merely cumulative, and to discover which it is also urged that due diligence has not been used, the Supreme Court will not interfere, unless it is made manifest and clear that the evidence is purely cumulative, or that due diligence is not shown.

6. ATTORNEYS AS WITNESSES. A party who is taken by surprise, by evidence offered on the trial of a cause, will not be regarded as failing to exercise diligence in procuring evidence for the reason that he refuses to place his attorney on the stand as a witness in his behalf.

7. SAME. While the attorney in a cause is not, by our laws, rendered incompetent as a witness for his client, no lawyer should, in a contested cause, occupy the position of both attorney and witness.

8. SAME: WAIVER. A party does not waive his grounds for a new trial, because of surprise and newly discovered evidence, by permitting the trial to progress to verdict, without making an application for a continuance, unless the fact that such newly discovered evidence could be obtained, was known to him at the time of the trial.

*Appeal from Clinton District Court.*

WEDNESDAY, APRIL 20.

THERE was a trial and verdict for defendant. A petition for a new trial was filed, and on the hearing thereof the Court found:

" 1st. The plaintiff was surprised by the evidence of defendant on the main trial, and that ordinary prudence could not have guarded against such surprise.

" 2d. That evidence, material for the plaintiff, was discovered immediately after the trial, but not in time to enable this application to be made at the term, at which the trial took place; and that plaintiff could not, with reasonable diligence, have discovered and produced such evidence at the trial."

And, thereupon, the prayer of the petition was granted, the costs of the first hearing being taxed to plaintiff. To

Alger v. Merritt.

these findings and the final order, defendant excepted and appeals.

*John C. Paley* and *A. R. Cotton* for the appellant.

1. The appellee should have made an application for a continuance; and failing to do this, he could not ask for a new trial, on the ground of surprise. 3 Gra. & Wat. N. T., 876, 894.

2. Appellee's attorney had knowledge of the evidence, and his client is, therefore, charged with knowledge. *Yates* v. *Munroe*, 13 Ill., 212; 3 Gra. & Wat. N. T., 929, 1023, 1024.

3. The showing of diligence is not sufficient. *Pelamourges* v. *Clark*, 9 Iowa, 1.

4. The newly discovered evidence is merely cumulative. *Manix* v. *Malony*, 7 Iowa, 81; *Pelamourges* v. *Clark*, *supra*.

*Cook & Drury* for the appellee, cited *Irwin* v. *Morrell*, Dudley (Ga.), 72; *McFarland* v. *Clark*, 9 Dana, 134; *Kane* v. *Burns*, 2 Sen. & M., 313; *The Commonwealth* v. *Monson*, 2 Asb., 31.

WRIGHT, C. J.—The statute declares that, where the grounds for a new trial could not, with reasonable diligence, have been discovered *before*, but are discovered *after* the term at which the verdict, report of referee, or decision, was rendered or made, the application may be made by petition filed, as in other cases, not later than the second term after the discovery; on which notice shall be served and returned as an original notice; and the defendant held to appear, as in an original action. The facts stated in the petition shall be considered as denied, without answer. The case shall be tried as other cases, by ordinary proceedings, but no petition shall be filed more than one year after final judgment, was rendered. Rev., 3116.

It is insisted that the grounds for this application were discovered *before* the adjournment of the term at which the verdict was rendered; and that as the petition was filed *after* the adjournment, the Court erred in considering the same. It seems that the verdict was rendered a short time before the court adjourned for the term; that plaintiff had information, which led him to believe that he could obtain the desired testimony; that he started at once to ascertain the truth in the premises, and before his return the court had adjourned *sine die;* so that, leaving out of view, for the present, the question of reasonable diligence, it seems that the grounds were not discovered before the term closed. A mere intimation or belief that grounds probably exist, upon which to base such an application, does not amount to a discovery of the same, within the meaning of the law. The party must be diligent and active in following up his information; but if, after the use of the requisite diligence, he does not become possessed of the necessary data, upon which to state and base his petition, before the adjournment, he may make the application afterwards. Not only so, but if the grounds are discovered before the adjournment, but at so late an hour as to render it impossible, after using reasonable diligence, to prepare and present the application at that term, it may be made after the close.

The statute is to have a reasonable construction, and to say that if the grounds are discovered at the moment of adjournment, or at so late an hour as to render it impossible to then present them, the party shall be concluded and denied relief, would give weight and prominence to the letter instead of the spirit of the law. This is never allowed in the construction of a statute, and is especially objectionable when applied to one remedial in its nature.

II. It is next insisted that the Court erred in its findings upon the facts shown, as also in the final order, granting a

Alger v. Merritt.

new trial. And here it is claimed, that the plaintiff could not reasonably have been surprised by the testimony of defendant; that if he had used due diligence the claimed surprise might have been prevented; that the proposed newly discovered evidence was either cumulative or impeaching in its character, and that it, too, could have been secured by the use of proper care and diligence.

We cannot adopt the theory of the appellant that any of the proposed testimony was impeaching. It appears that the jury relied upon the testimony of the defendant himself. The newly discovered evidence did not relate to his character for truth and veracity. It was not proposed even to show that he had made statements contradicting in terms those made on the trial. But by his witness it was proposed to prove that he had made admissions and had conversations entirely inconsistent with the whole theory of his defense, as developed by the testimony. This was strictly original and not impeaching evidence. It related to admissions made by the party to the record, and it is a misuse of terms to speak of it as impeaching. The fact that he was sworn as a witness cannot change its character. It would have been admissible if he had not been a witness. And we go further and say, that we should hesitate long before applying in all its strictness the rule contended for, that a new trial should not be allowed to give the party an opportunity to introduce impeaching testimony when it is to affect the evidence of the party himself.

Certain it is, if the Court below, cognizant of the whole facts, has, under such circumstances, ordered a new trial, we should have to be thoroughly satisfied that the discretion had been abused before interfering. Not being thus satisfied in this instance, we cannot, thus far, say that the findings were erroneous.

It is, however, further insisted, that the newly discovered evidence was merely cumulative and that, therefore, the new

trial should not have been ordered. The general rule that a new trial will not be granted to enable a party to produce evidence of this character, is recognized in *Reeves* v. *Royal*, 2 G. Greene, 451; *Manix* v. *Maloney*, 7 Iowa, 81; *Pelamourges* v. *Clark*, 9 Id., 9; *Sturgeon* v. *Ferron*, 14 Id., 160, and further authorities in its support need not be cited. Was the testimony cumulative, is, therefore, the only question.

In principle, the case is not easily distinguishable from *Gardner* v. *Mitchell*, 6 Pick., 114. There plaintiff had a verdict for an alleged breach of contract for the sale of certain parcels of oil. Defendant moved for a new trial upon the ground that he could prove by two witnesses certain conversations or confessions of plaintiff which would essentially change the complexion of the case. After holding that if the evidence was only cumulative it would not furnish cause for a new trial, it is said: "This is of a different character. As to the oil, which is made the subject of complaint, there is a confession of one of the plaintiffs that it was as good as he expected. This is a new fact which was not before in the case. The verdict was general, and apparently injustice has been done." A new trial was granted. And see *Chambers* v. *Same*, 2 Marsh. (Ky.), 349; *Guyott* v. *Butts*, 4 Wend., 579; *Watson* v. *Delafield*, 2 Caines, 224; *Reed* v. *McGrew*, 5 Ohio, 386; *Barker* v. *French*, 18 Vt., 460.

It is difficult to obtain or give a correct or accurate definition of this character of evidence. We can well understand that a new witness to handwriting or dates would but add to that given at the trial and would be cumulative. But if it relates to a release or something of that kind, discovered after the trial, we can see at once that it would not fall within the objection. In such instances we have cases well marked and defined. Another case, however, may be of so doubtful a character that it is next to impossible to

tell whether it is or is not obnoxious to the objection stated. And we can only state at this time generally and in a negative form, that if the new evidence be specifically distinct and bear upon the issue, though it may be intimately connected with some parts of the testimony at the trial, it is not cumulative. (G. & W. or New T., 493.) Guided by this rule, the testimony proposed is not subject to the objection made by appellant. And upon this subject see further, *Guyott* v. *Butts, supra; The People* v. *Superior Court of N. Y.,* 5 Wend., 114; *S. C.,* 10 Wend., 285.

Before dismissing this part of the case, one other remark may be made. It certainly is not clear and unquestionable that this testimony is cumulative. And when there is doubt as to its character, it becomes to a great extent, if not purely, a matter of discretion, and this court ought not to interfere. And this remark applies with all its force to the point of negligence or diligence, and matters of a kindred nature in this and similar cases. It is always difficult for the appellate tribunal to more than approximate to a knowledge of the facts as they actually occurred at the trial. The judge at *nisi prius* has a much better opportunity for seeing and judging how the testimony given and that afterwards discovered bears upon that issue, to determine whether the facts offered are similar or dissimilar, and though we might incline against him upon the question as an original one, his ruling should not be reversed unless the discretion has clearly been abused.

But it must also be remembered that, by the statute, the case made in such a petition is to be tried like other cases, by ordinary proceedings, and that the same presumptions obtain as to the correctness of the findings in the court below, where they are stated and embodied in the record. Not only so, but when a new trial has been granted, it must be shown very clearly that the Court has abused its discretion to justify interference. Appellate courts are

justly much less inclined to interfere when a new trial has been granted, than when refused. The reasons for this distinction we have had occasion to give heretofore, and we need not repeat them. *Cook et al.* v. *Sypher*, 3 Iowa, 484; *Stewart* v. *Ewbank*, Id., 191; *Ruble* v. *McDonald*, 7 Id., 90.

· But did the party use due diligence before the trial in obtaining the proposed testimony, or could he have obtained it by the use of such diligence. Under this inquiry one or two matters may be noticed. It perhaps sufficiently appears that plaintiff's attorney knew a fact or facts to which he might have testified, and which would have tended strongly to rebut or destroy the case made by the testimony of defendant. And it is now insisted that as he was a competent witness, plaintiff was negligent in not having him sworn. In this proposition we cannot concur. We are well aware of the just and commendable views of duty entertained by members of the profession upon this subject. No attorney having a just conception of his true and proper position will willingly unite the character of counsel and witness in the same case. For experience has shown that those who, on repeated occasions, allow themselves to be thus used, are certain to feel most keenly the consequences of their indiscretion. Some courts have excluded such testimony entirely, and this of course not because the source of proof is regarded as unreliable, but because public policy and the integrity and welfare of the profession dictate that no one should be at the same time both advocate and witness for his client. Such testimony is not excluded in this State, but if a party is really taken by surprise, we would not deny him a new trial, because of his failure to throw his attorney into the witness box, to, if possible, save himself from the consequences of such surprise. Where the case is one of contest involving conflicting testimony, if, to promote the ends of justice, his

testimony becomes material during the progress of· the trial, prudence would dictate that he should withdraw from its prosecution or defense. And yet no client should be required to hazard the consequences of a change of counsel in the midst of such a trial, nor be held guilty of neglect for failing to use his testimony. It is further suggested that plaintiff did or might have known of the proper testimony, inasmuch as his attorney in the course of his argument, as shown by the testimony of two of the jurors, made statements showing that he knew of the existence of such testimony. If the attorney had this knowledge, there is much weight in the position. We do not understand, however, that the testimony of the jurors goes to the extent claimed. It only appears that the attorney stated, "that if he had known that defendant would have sworn as he did, he would have had Owen (one of the witnesses upon whose testimony plaintiff now relies) there, if he had brought him upon his sick bed."

In the first place the statement itself implies surprise. And in the next place it was introduced *arguendo*, rather than as the assertion of positive knowledge. We should be unwilling to permit a statement thus made to weigh more than the testimony of client and attorney that they were taken by surprise.

It is further claimed that it was the plaintiff's duty when thus surprised to have asked for a continuance, instead of taking the chances of a trial. But to concede this, it seems to us, would deny a new trial in every case of surprise. Suppose the surprise is clear that the party is free from negligence, and unless the Court interposes, injustice will certainly be done. Will it be claimed in such a case that a new trial should not be granted? See *McManus* v. *Finan*, 4 Iowa, 283; *Millard* v. *Singer*, 2 G. Greene, 144. And yet how or upon what principle could it be granted if the party in every instance is concluded by his failure to ask a

continuance.   When the party is taken by surprise and knows of testimony which may save his case, there is some reason in saying that he should be held to make the fact known and ask at once for an opportunity to produce the necessary witnesses, rather than proceed with the trial. But if he has no knowledge of such testimony at the time he should certainly not be concluded.

Affirmed.