GERMAN v. THE MAQUOKETA SAVINGS BANK.

1. **New Trial**: EVIDENCE: CUMULATIVE. A new trial will not be granted because of the discovery of evidence merely cumulative; but evidence which, although it tends to establish an issue controverted on the trial, yet introduces a new and distinct fact, is not cumulative.

2. ———: DILIGENCE. Want of diligence cannot be charged upon a party who fails to procure existing testimony to disprove a fact of which he is not advised by the pleadings.

*Appeal from Jackson District Court.*

TUESDAY, JUNE 9.

Plaintiff claims $1,000, alleged to be due on account of business transacted with defendant in the years 1872 and 1873. The defendant denies that any balance is due plaintiff. Trial to the court.

Plaintiff testified in substance that on or about Nov. 25th, 1872, he gave defendant two drafts, each for $1,000, on Vaughn Bros., Chicago.

That one of these drafts was forwarded to Chicago and paid. That the other, under his direction, was retained; that he gave checks against this draft to the amout of $980.93, which was charged to his account; and that afterward he set-

tled the account by turning out notes which the bank dis-counted, and this draft was delivered up to him and destroyed.

The defendant's cashier and vice-president both testified that the draft sent to Chicago was drawn on the 23d of November, and that the bank paid over the counter therefor $1,000 less exchange.

The plaintiff, in rebuttal, testified that it was possible the draft paid by Vaughn Bros. was drawn on the 23d, but that he did not, on that day or any other day, receive from any officer of the bank $1,000 in cash over the counter of the defendant on that draft, or upon any draft in controversy in this suit; and that no officer of the bank ever claimed to him before the day of trial that they had paid cash over the counter of the bank on any draft in controversy.

Upon the testimony introduced, the court rendered judgment for the defendant.

Plaintiff thereupon moved for a new trial on the ground of surprise and of newly discovered evidence.

The court overruled the motion on the ground that the newly discovered evidence was cumulative. Plaintiff appeals.

The further material facts are stated in the opinion.

*Cook, Richman & Bruning*, for appellant.

*C. M. Dunbar*, for appellee.

DAY, J.—I. That a new trial will not be granted because of the discovery of evidence, which is merely cumulative, is a general doctrine of the courts, and has been frequently recognized in this state. See 1 Graham and Waterman on New Trials, 486–495, and cases cited; *Alger v. Merritt*, 16 Iowa, 121; *Sturgeon v. Ferron*, 14 Iowa, 160; *Manix v. Malony*, 7 Iowa, 81.

It is exceedingly difficult, if not impossible, to furnish a general definition of cumulative evidence, which in a given case will materially aid in determining whether particular testimony offered falls within or without that class.

1. NEW TRIAL: cumulative evidence.

VOL. XXXVIII.—24

In 1 Greenleaf on Evidence, § 2, it is said: "Cumulative evidence is evidence of the same kind, to the same point. Thus, if a fact is attempted to be proved by the verbal admission of the party, evidence of another admission of the same fact is cumulative." And in *Alger v. Merritt*, 16 Iowa, 121, (127), it is said: "If the new evidence be specifically distinct and bear upon the issue, though it may be intimately connected with some parts of the testimony at the trial, it is not cumulative." Citing 1 G. & W. on New Trials. Many of the cases seem to hold that evidence is cumulative if it goes to establish the issue which was principally controverted upon the former trial. These cases, we think, lay down too broad a rule. The evidence may tend to establish the same issue, and yet be so unlike and distinct from any testimony before produced, as to furnish no pretext for declaring it cumulative. The case of *Gardner v. Mitchell*, 6 Pick. 114, furnishes an apt illustration.

In that case the plaintiff recovered a verdict for $5,337 on a breach of warranty as to the quality of 51,000 gallons of oil sold him by defendant. The defendant moved for a new trial on the ground of newly discovered evidence by which he could prove declarations of the plaintiff that the oil was as good as he expected. It was held that this was a new fact not before in the case, and a new trial was granted. The same principle was recognized in *Guyot v. Butts*, 4 Wendell, 579.

In this case plaintiff states in his motion for new trial, "that he can fully prove by the testimony of William Phillips of Clinton county, Iowa, that on the 23d day of November, A. D. 1872, this plaintiff drew a draft on Vaughn Bros. of Chicago, for $1,000, at the bank of defendant; that said witness was with plaintiff at the time, and that he, plaintiff did not receive cash for the same, but did check against said draft to the amount of $500, and plaintiff says he can show he drew no other draft that day.

Plaintiff also states he can prove substantially the same by Abram Gish.

Now, whilst this testimony tends to the establishment of the same fact as that testified to on the former trial by plain-

tiff, to-wit: that $1,000 was not paid when the draft was drawn, it tends to establish it in part, as an inference from a new fact, not introduced upon the former trial, viz: that a check was drawn against the draft to the amount of $500.

It seems to us, therefore, that the case falls within the principle of *Gardner v. Mitchell*, 6 Pick., 114, and of *Guyot v. Butts*, 4 Wendell, 579, and that the evidence newly discovered was something more than merely cumulative. See 1 G. & W. on New Trials, 490–493, and cases cited; 3 Id., 1048, and cases cited.

II. It is claimed, however, that plaintiff fails to show any diligence to discover this evidence, and that therefore he is not entitled to relief.

Plaintiff does show that he had diligently endeavored to ascertain the reason defendant claimed not to owe him $1,000
2. ——: diligence. upon account, and that he was only referred to the books and told they were right, and that there is no charge of $1,000 cash to plaintiff upon the books, and that none of defendants officers, until at the trial, ever claimed to have paid said $1,000. There is nothing in the answer to advise plaintiff that such a claim would be insisted upon. He cannot, with any fairness or reason, be charged with a lack of reasonable diligence, in that he did not endeavor to procure testimony to disprove a fact, which he did not know any one claimed to exist.

We think the motion for a new trial should have been sustained.

Reversed.