Sullivan *v.* O'Conner.

———— •♦• ————

No. 7699.

## SULLIVAN *v.* O'CONNER.

NEW TRIAL.—*Surprise.*—*Evidence.*—Where a plaintiff is fairly apprised of the character of a defendant's defence, he can not justly urge that he was surprised by evidence directly sustaining it.

SAME.—*Book of Accounts.*—*Loss of.*—*Collateral Question.*—*New Trial.*— Where evidence is given, without objection, to prove the items of an account pleaded as a set-off, the witness stating on cross-examination

that the book containing the items had been lost, evidence of such loss is a collateral matter, at which the plaintiff can not be said to have been surprised, and for which a new trial can not be granted.

SAME.—*Affidavit.*—*Declarations.*—An affidavit by a plaintiff, in support of a motion for a new trial on account of being misled by statements made to him by the defendant before trial, which gives only the inferences of the plaintiff from the declarations, and not the declarations or statements of the defendant, is insufficient to sustain such motion.

SAME.—*Newly-Discovered Evidence.*—*Impeaching Witness.*—*Practice.*—Evidence impeaching a witness is not such newly-discovered evidence as will entitle a party to a new trial; nor will a new trial be granted unless the newly-discovered evidence is such as will probably produce a different result upon a second trial.

SAME.—*Admissions After Trial.*—Admissions of a defendant made after trial are not newly-discovered evidence entitling the plaintiff to a new trial.

From the Tippecanoe Circuit Court.

*C. D. Jones* and *A. H. Yount,* for appellant.

ELLIOTT, C. J.—Appellant sued appellee for $406.37, the value of goods sold and delivered, and obtained a verdict and judgment for $39.10, his claim having been reduced to that sum by matters of set-off pleaded in the answer of the appellee. There was no dispute as to the correctness of appellant's account; the whole controversy was upon the matters of set-off.

Appellant insists that error was committed in denying his motion for a new trial. It is argued at much length, that the verdict is contrary to the evidence, but we have reached a different conclusion, after a careful reading of all the evidence incorporated in the record.

Another ground upon which a new trial is claimed is, that the appellant was surprised by evidence adduced by the appellee, showing work done and money paid, at appellant's request, for a distillery company.

It may be that the evidence did, in a certain sense, surprise the appellant, but not in a legal sense. It was his own fault that he was not prepared to meet the evidence adduced

against him. The items of the appellee's set-off were given with great particularity. The character of the work done, and the dates at which it was done, were very fully given. The items for money paid at appellant's request were stated with much more than ordinary fullness; names of the persons to whom paid, and the dates of payment, were accurately stated. It was also averred that, "by the agreement of the parties," the items of the appellee's account were to stand as a set-off against the account of appellant. The answer, with more than usual precision, apprised appellant of appellee's claim, and it was his own folly to rely upon the supposition that there would not be evidence adduced in its support. Where a plaintiff is fairly apprised of the character of a defendant's defence, he can not justly urge that he was surprised by evidence directly sustaining it.

It is also insisted that the appellant was surprised at the introduction of evidence showing the wrecking of a boat and the loss of appellee's books. The manner in which this question came up is about this: Appellee offered evidence, without objection, proving the items of his account, the appellant on cross-examination asked the witness where he obtained the items, and the witness then on the stand answered that he took them from the book of appellee, whereupon he was requested to produce the book, was sent from the court room and afterwards returned without it, stating that it had been lost when a boat was wrecked. There had been no previous notice to produce books; indeed, no precaution of any kind had been taken by the appellant. It is clear that he was not in a situation to complain of surprise by testimony of a collateral matter, like the loss of a book of accounts. The effect of such testimony was not likely to have changed or influenced the minds of the jury. It was not material whether there were any book entries at all or not, the material question was as to whether the appellee did really pay money and render services at the request of

the appellant. The question as to whether the book was or was not lost was a merely collateral one, and could not have influenced the judgments of the jurors upon the principal question submitted to them.

Appellant insists that he was misled by statements made to him by the appellee before the trial, and was, because thereof, not prepared to meet evidence adduced by the latter. The affidavit does not state the declarations of appellee, but merely gives the appellant's conclusion or inference from such declarations. The statements of the affidavit upon this point are as follows: "That affiant was made to believe by defendant's own declarations made to him prior to the trial of said cause, that the work done was done for a distillery company, of which plaintiff, as defendant claimed, was a member." The affidavit is insufficient. It should have stated the declarations of appellee, and not the inferences of the appellant. It would be a very unsafe and vicious practice to allow a defeated party in a hotly-contested case to place his own construction upon language used by his adversary, and we are unwilling to directly, or indirectly, sanction such a practice.

A new trial was also asked upon the ground of newly-discovered evidence. Affidavits were filed showing that no books were lost by the wrecking of the boat mentioned by the witnesses of the appellee. This was not such evidence as entitled appellant to a new trial. It was merely evidence upon a collateral matter, and at most could have been competent, if competent at all, only for the purpose of impeaching the witnesses of appellee; and it is well settled that evidence impeaching a witness is not such newly-discovered evidence as will entitle a party to a new trial. It is a firmly established rule, that a new trial will not be granted unless the newly-discovered evidence is such as will probably produce a different result upon a second trial. The newly-discovered evidence of the appellant upon the point

under immediate mention, was not at all likely to have brought about any such result.

Another item of newly-discovered evidence is an alleged admission of the appellee, said to have been made since the trial. The court below might well have regarded the statement concerning this admission to be so improbable as not to have been at all likely to receive credence from the jury, and, therefore, not likely to change the result of a new trial, should one be granted. However this may be, it was clearly not newly-discovered evidence entitling a party to a new trial.

Judgment affirmed.