Crow v. Brunson.

Filed May 1, 1891.

---

No. 129.

## CROW v. BRUNSON.

NEW TRIAL.—*Admissions After Trial not Newly Discovered Evidence.*—Ad-
missions of a defendant made after trial are not newly discovered
evidence within the meaning of the statute.

APPELLATE COURT..—*Evidence not in Record.—Review.*—The Appellate
Court will not pass upon the question whether a new trial should have
been granted on the ground of newly discovered evidence, if the record
fails to show that it contains all the evidence given on the trial.

From the Tipton Circuit Court.

*G. H. Gifford* and *J. M. Fippen,* for appellant.
*J. A. Swoveland,* for appellee.

BLACK, C. J.—Counsel for the appellant have presented

only the question whether the court erred in overruling appellant's motion for a new trial; and the only specification in the motion discussed is one professing to assign newly discovered evidence.

The alleged new evidence consisted of admissions of the appellee made after the trial. Such evidence does not constitute newly discovered evidence within the meaning of the statute. *Sullivan* v. *O'Conner*, 77 Ind. 149. See, also, *Stanley* v. *Peeples*, 13 Ind. 232.

There is in the record a bill of exceptions containing evidence. It is followed in the bill by these words: "The foregoing evidence being all the evidence that was given by the defendant in support of the soundness of the horse's eyes in controversy."

To present to this court the question whether a new trial should have been granted upon the ground of newly discovered evidence, the record should show that it contains all the evidence given on the trial. *Cones* v. *Ryman*, 9 Ind. 277; *Walpole* v. *Atkinson*, 18 Ind. 434; *Larrimore* v. *Williams*, 30 Ind. 18; *Sanders* v. *Loy*, 45 Ind. 229; *Jackson* v. *Fowler*, 63 Ind. 85. See, also, *Kitch* v. *Oatis*, 79 Ind. 96; *Hines* v. *Driver*, 100 Ind. 315.

The judgment is affirmed, with costs.

Filed May 1, 1891.