(10 Misc. Rep. 88.)
### BROOKS v. ROCHESTER RY. CO.

(Supreme Court, Special Term, Monroe County.  October, 1894.)

1. WITNESS—CROSS-EXAMINATION—DISCRETION OF COURT.
   It is discretionary with the court to allow a witness who has testified as an expert to be cross-examined, for the purpose of affecting his credit as an expert, as to testimony given by him in another action between the same parties.

2. DAMAGES—PERMANENCY OF INJURIES—OPINION OF EXPERT.
   Testimony of a physician, who examined plaintiff, that she "thinks" that the injuries are permanent, warrants the submission to the jury of the question as to the permanency of the injuries.

3. APPEAL—ERRORS CURED.
   The retraction by the court of inadvertent remarks by it in the charge cures any error which may have been committed thereby, unless it is affirmatively shown the retraction was not accepted by the jury.

4. DAMAGES—PHYSICAL EXAMINATION—INSTRUCTIONS.
   It is not error, where plaintiff has refused to permit an examination of her injuries by defendant's physicians, to refuse to instruct that defendant could not procure an examination without her consent, as the legal rights of defendant in that regard are immaterial.

Action by Mary S. Brooks against the Rochester Railway Company.  There was a verdict for plaintiff, and defendant moves for a new trial on the minutes, and also on affidavits.  Denied.

W. S. Hubbell, for plaintiff.
C. J. Bissell, for defendant.

RUMSEY, J.  These two motions, although made and argued at different times, were finally submitted at the same time, and for convenience they will be considered together.  The case is one which has interested me very considerably, not only on account of its peculiarities, but because of the earnestness with which the positions of the defendant have been presented upon these two motions.

The motion for a new trial upon the minutes is made solely upon certain of the exceptions, which will be considered in the order in which they are presented.  In the first place, it is claimed that the court erred in sustaining the objection made by the plaintiff to certain questions asked of Dr. Julia F. Haywood upon cross-examination.  This action was the second which was brought by the plaintiff against this defendant, the first action having been brought for a previous injury which she claimed to have sustained because of the negligence of the defendant, and this action having been brought for another negligence causing a second injury, which she received before she had entirely recovered from the injuries received in the first accident.  Upon the trial of the first action, Mrs. Haywood, who was the attending physician of the plaintiff, had been sworn as a witness, and had testified to the nature and extent of the injuries then received.  Those injuries consisted of a hurt to the back of the plaintiff, and also, as testified by Mrs. Haywood, to a broken kneepan.  A good deal of testimony was given upon the first trial as to the injury to the knee, and the extent and permanency of that injury was the principal question then litigated.  Upon this trial, Mrs.

Haywood was again sworn as a witness. At this time no claim was made for an injury to the knee, but the claim of the plaintiff, in substance, was that the former injury to her back, received at the first accident, was so aggravated by the injuries received at the second accident that it had become permanent in its nature, and it was for this permanent injury that she sought to recover. It will be seen, therefore, that the injury to the knee was not at all in litigation upon this trial. After Mrs. Haywood had been examined in this case, and had given her testimony as to the facts of the plaintiff's condition, and as to the probable result of her injuries, she was asked, upon cross-examination by defendant's counsel, referring to the injury to the knee at the former accident, "You expressed an opinion that that was a permanent injury, and that she never would recover from it, at the last trial, did you not?" which was objected to as immaterial, and the objection was sustained. Subsequently, the defendant's counsel asked this question, "I ask you if you are still of the opinion which you were,—that the injury to the knee is a permanent one;" to which an objection taken by the plaintiff's counsel was sustained. To each ruling the defendant's counsel excepted, and this ruling is insisted upon as an error. It is very evident that the injury to the knee was entirely a collateral matter, and that any question asked this witness could be material, if at all, only by way of affecting the credit to which she was entitled as an expert. It was undoubtedly not an improper cross-examination to show by her, even upon a collateral matter, that at another time she had been mistaken in an opinion which she had expressed upon the trial; but the extent of the examination upon such a matter is entirely within the discretion of the court, and unless there is a clear abuse of that discretion, so that it is apparent that a manifest injustice has been done by its exercise, the exception to it will not be sustained. It is impossible to gather from the case that there was any abuse of the discretion, or that any injury resulted to the defendant from it, and for that reason I think that the exception is not well taken.

The next exception taken was to the action of the court in submitting to the jury the question whether the injury to the wrist was or was not a permanent one. It is very clear that the evidence upon this subject was exceedingly slight; so slight that I have had grave doubts whether or not it was not error to submit it to the jury. It consists solely of the opinions of Mrs. Dr. Haywood, supplemented very slightly by the evidence of Dr. Wolcott, who does not, however, undertake to give an opinion as to the permanency of the injury to the wrist. Whether, upon the testimony, there could be a finding that the injury to the wrist was permanent, it is not necessary to discuss. The question here is simply whether there was any evidence which ought to have been submitted to the jury, so that it should be left to them to decide as to the permanency of that injury. That question must, I think, be answered in the affirmative. In the nature of things, there could be no proof of the permanency of that injury except the opinion of those people whom the law recognizes as competent to give a judgment upon those subjects. Mrs.

Haywood was such a person.   After having described the condition, she gave her opinion that the plaintiff would never entirely recover from the condition which she described; and, while that opinion was prefaced by the words "I think," it still was an opinion, and was given as such, and was the only thing which could be said upon the subject, because whether the injury was or was not permanent was simply to be answered by the expression of an opinion. That being in the case, and properly there, I think that it should have been submitted to the jury to pass upon the weight which they would give to it.   It is quite true that a party is not entitled to recover for a permanent injury unless from the evidence it can be said that there is a reasonable certainty that the injury is permanent. But when a competent physician, acquainted with the facts, and judging from objective symptoms which are consistent with the opinion expressed, expresses an opinion that in his judgment an injury will be permanent, the jury may, I think, find upon such testimony that the opinion is well founded.   Certainly, when such an opinion is expressed in that way, the question is for the jury, and not for the court.

I do not see that there was any error in the admission of the record of the judgment in the former action.   That it was competent between the parties, of course, is not disputed, and it necessarily was admissible if it tended to prove any relevant fact.   It was none the less material if such fact had been proved by other testimony. That some of the facts which were established by this record were relevant in the case cannot be denied.   It was material for the plaintiff to show the time when the other accident took place, the time of the trial of that action, and the nature of the claim which was there made.   All these things had a direct bearing upon the question of damages in this case.   They were all established by the admission of this judgment roll; and for that reason, I think, it was not immaterial, and consequently it was not error to receive it.

It was seriously disputed, upon the trial, what was the nature and extent of the claim made by the plaintiff upon the other trial. As to that, considerable was said by the counsel for the defendant, and an argument to the jury was based upon the claim which he made with regard to that contention.   In the charge, the judge presiding gave to the jury his recollection of the claim which was submitted to the jury upon the first trial, at which, also, he presided. His recollection differed from that of counsel, and took away much of the weight of the argument of the defendant to the jury.   Upon the attention of the court having been called to this portion of the charge by an exception, it was withdrawn from the jury, and they were told to dismiss it from their minds.   The defendant's counsel now suggests that this action of the court, in giving his recollection of what occurred upon the former trial, was an error, and that for that error this verdict should be set aside.   Upon a careful consideration of the case I am very clearly of the opinion that it would have been better had the court refrained from saying what was said upon that subject, but yet it was not beyond the right of the judge to say what he did to the jury.   At the most, it was an error

of judgment. Such a thing as that is not a reversible error, unless it shall be made to appear, by proof or by necessary inference, that injustice was caused by it. I think it does not so appear in this case. The question presented to the jury was the nature and extent of the injuries as they had been shown to exist in the particular case which was on trial. That was to be decided by the evidence then before them. It was not claimed that upon the former trial there was any false swearing which should detract from the credit of the witnesses, but simply that there was a claim made of greater injury than was actually shown to have existed. It cannot be inferred that, because such a claim was made in that trial, the evidence upon this trial should be discredited; and unless that was the result, I cannot see how the extent of the claim upon the other trial was particularly material. For that reason I think that, even had these remarks been permitted to stand without explanation or correction, no such injustice could be predicated as the result of them which would warrant the granting of a new trial. But they were not permitted to stand. The jury were told that the court ought not to have said anything about it, and to dismiss what was said from their minds, and that the question for them was not what was claimed, but what was adjudicated upon the former trial. This was a full and complete retraction upon the part of the court of what had been said upon that subject, and the presumption must be, I think, that the jury received it precisely as it was intended they should. It is a well-settled rule of law, now, that where improper testimony has been received, but is subsequently stricken out, and the jury directed to disregard it, the error is cured. Holmes v. Moffat, 120 N. Y. 159, 24 N. E. 275; Linsday v. People, 67 Barb. 548, 63 N. Y. 143. The case of Erben v. Lorillard, 19 N. Y. 299, does not establish any proposition contrary to this, as will be seen from the opinion of Judge Parker in Holmes v. Moffat, 120 N. Y. 159, 24 N. E. 275. It is also the rule that where the judge has made a mistake in his charge to the jury, and afterwards corrected it, so that the jury may understand what the correct ruling is, the error is cured. Chapman v. Railway Co., 55 N. Y. 579. The reason of those rules is that it will be presumed that the jury have done what the court directed them to do. Applying that rule to this case, it must be that, where something has been inadvertently said by the court which might bear hardly upon one party or the other, the retraction of these remarks will cure any error that might have been committed. Especially must this be so unless there is something to show that the retraction was not accepted by the jury. In the absence of actual proof that injustice was done, it would be a very inconvenient rule to lay down that a verdict was to be set aside for any phrase which might inadvertently be spoken by the court, which tended to show a bias on one side or the other. All that can be asked by either party is that the law shall be properly laid down, and that the evidence, if stated or summarized, shall be fairly stated. It is not only the right, but in many cases the duty, of the court, in charging the jury, to advise them as to his impres-

sions in regard to the case, where, in his judgment, such advice is necessary to prevent the jury from falling into error or from doing an injustice. The power of the court to do this is essential, in my judgment, to the proper conduct of a jury trial, and a verdict is not to be set aside for such expressions unless it is plain to be seen that they have caused an injustice.

The defendant also excepted to the refusal of the court to charge that, under the existing law, the defendant could not obtain an examination of the plaintiff without her consent. That charge was refused because, as the court expressed it, the point was not regarded by him as being material in the case. During the trial the plaintiff, who gave considerable testimony as to the extent of her injuries, was asked if she would permit an examination to be had by the physicians of the defendant, which she declined to do. Her refusal to do this was the subject of comment, as it might properly be. It was of no importance to the jury whether or not the defendant had power, by application to the court, to procure such an examination. The only point to be made to the jury, and which was made, was that the plaintiff was not willing to permit any physician to examine her except such as she herself had selected. For that reason I do not think it was error for the court to refuse to charge the jury as to what were the absolute legal rights of the defendant in that regard.

The defendant's counsel asked the court to charge the jury that the presumption was that upon the former trial the jury gave to the plaintiff damages for the injuries to her back, not only up to the time of the trial, but for such reasonable time beyond that as they might have believed they would exist, even if they did not believe they were permanent. The court declined to charge in these words, but did give to the jury what is conceded to have been the true rule of law. Upon careful consideration, I am still of the opinion that the charge, as given, was all to which the defendant was entitled, and that the exception to it was not well taken. For these reasons the motion for a new trial upon the minutes must be denied.

At the special term a motion was made upon a case and affidavits for a new trial. The evidence given on the trial tended strongly to show that the injury to the plaintiff's back was a permanent one, from which she would probably never recover. The case was submitted to the jury upon this theory, and they were told that, if they believed the injury was permanent, they should make their award for damages accordingly. The verdict was a very considerable one, and was undoubtedly based to some extent upon the idea that the injury was permanent. The affidavits presented by the defendant's counsel upon this motion tended to show that after the trial the plaintiff's condition rapidly changed for the better to such an extent that it was fair to infer that she was somewhat of a malingerer, and that she had nursed her symptoms and her injuries up to the time of the trial for the purpose of increasing the verdict which she might get. Upon this condition of affairs the defendant moves for a new trial, basing its motion upon the case

of Cole v. Coal Co. (Sup.) 16 N. Y. Supp. 789. In that case Cole had recovered a very large verdict against the Fall Brook Coal Company, upon the theory—which the evidence tended to sustain— that the injury received by him was of such a nature that he was physically ruined, and would be utterly unable to do any work, to stand erect, or to support himself at all. The affidavits presented by the defendant upon that motion showed that immediately after the verdict he had experienced a sudden and miraculous recovery, having become, from a confirmed invalid, a strong and vigorous man, able to do a day's work as well as anybody, and to defeat in single encounter a strong and vigorous young man, who was one of the prominent witnesses against him on the trial. The court held that this condition of affairs tended to establish a practical fraud practiced upon the court and the jury, and that justice required that these new facts should be presented to another jury, which might pass upon the question of the damages suffered, and of all those facts before it. I am not disposed in the slightest to limit the rule laid down in Cole v. Coal Co., which I regard as essential for the administration of justice, not only in negligence, but in all other cases. It is not to be denied, however, that a new trial in such cases can only properly be granted where the evidence of fraud practiced upon the court is exceedingly strong. Ordinarily, where a question has been thoroughly litigated upon both sides, and the witnesses fully cross-examined, it is better that the verdict rendered upon such an examination should be permitted to stand, even though there may be some doubt as to the correctness of the result which has been reached. Such a verdict should only be set aside when the court is thoroughly satisfied that a fraud has been committed. I have examined the affidavits in this case with considerable care, and I was much impressed with the argument of the learned counsel for the defendant upon this motion; but after such a careful examination of the affidavits I am of the opinion that there is no such proof that a fraud was practiced upon the court in this testimony as would warrant the granting of a new trial. Nor does it seem to me that all these facts necessarily establish that the plaintiff is not suffering, to some extent, with the spinal trouble which was shown to exist at the time of the trial. It is quite true that the young men who made the affidavits on behalf of the defendant swear to facts which, unexplained, would warrant the inference that the plaintiff had very considerably improved from the condition which the evidence showed her to be in at the time of the trial; but the testimony of the two physicians from Northville, who examined her carefully, and the evidence of the lay witnesses, lead me to believe that the inferences to be drawn from the defendant's affidavits are not of a complete recovery, or even of a recovery to any considerable extent, but I am compelled to infer, from all the affidavits, that the evidence shows that the plaintiff is still a sufferer from the same trouble from which she suffered at the trial as the result of the injury. For these reasons the motion for a new trial upon these affidavits must also be denied. Motion denied.