## D. H. GUTH v. A. B. BELL, Appellant.

**New trial:** AMENDMENT OF PETITION. An amendment to a petition for a new trial may be made after the time for filing the petition has expired, provided no new grounds for a new trial are set up. In this case the allegations of the petition were insufficient to authorize a new trial on the ground of newly discovered evidence, but did in effect allege that a new witness could be produced, and an amendment more clearly negativing lack of negligence in discovering the witness was properly allowed, though filed after the year for filing the petition had expired.

**New trial:** NEWLY DISCOVERED EVIDENCE: MATERIALITY. In this action for the value of hogs purchased of plaintiff the defendant alleged a breach of warranty on the part of plaintiff to the effect that the hogs were not unloaded while in transit, which plaintiff testified to on the trial, and defendant undertook to show that they had been so unloaded and that he told plaintiff that he would not buy them if they had been unloaded at a certain yard, for fear that they had contracted cholera. *Held,* that newly discovered evidence of the trainmaster that the hogs were unloaded at the designated intermediate yard, and the evidence given by plaintiff in another action between other parties contradicting his evidence in this case on the subject, was material on the question of breach of the warranty, regardless of whether the answer sufficiently raised that question.

**New trial:** NEWLY DISCOVERED EVIDENCE: MATERIALITY. In this action the defendant filed a petition for new trial on the ground of newly discovered evidence, consisting of evidence inconsistent with that of plaintiff given at the trial and his evidence on the same subject in another action between himself and other defendants in this, that in this action he stated that the hogs in question were shipped in a car with other fat hogs to be sold at an intermediate market, and that after the fat hogs were unloaded at that market the car was taken to a point outside the stockyards and the hogs intended for defendant were loaded directly from the car into another car in which they were delivered to defendant. In the other action plaintiff testified that after the fat hogs were removed from the car he knew nothing about what was done with the car and was not present when the defendant's hogs were transferred to the car in which they were carried to their des-

tination. *Held,* that plaintiff's evidence in the two cases was entirely inconsistent, making his evidence in the later action newly discovered evidence on the question of whether the hogs were unloaded at the intermediate point.

**Same:** FALSE TESTIMONY. That a judgment was procured by false testimony is not ground for the granting of a new trial upon petition filed within one year: So that plaintiff's testimony in the suit with other parties, showing that his evidence in this case was false if the other was true, did not support the petition for new trial.

**Same:** NEWLY DISCOVERED EVIDENCE. Newly discovered evidence is ground for a new trial which may be presented by petition filed within one year; and such evidence may consist of admissions of the party made against his interest and discovered subsequent to the trial, whether made before or after the trial, provided they were made before the expiration of the time for filing a petition for new trial.

**Same.** The records of the stockyards offered in support of the petition for a new trial, showing that the hogs in question were unloaded at the intermediate station into a certain pen in the yards and reloaded into another car from the same pen, was material and competent evidence tending to contradict the testimony of plaintiff that they were not unloaded at that place, which would be available to the defendant on a retrial of the case, and was sufficient as newly discovered evidence to sustain the petition.

**Same:** DILIGENCE. On the question of diligence in procuring the evidence, plaintiff's testimony that he saw the custodian of the stockyards records prior to the trial and was told by him that he had no recollection of the transaction, and that plaintiff did not learn of the existence of the records until after the trial of another case involving the same, was a sufficient showing of diligence.

**Same:** CUMULATVE EVIDENCE. The evidence afforded by the stockyards records of the unloading of the hogs was of a different kind and of a distinctively different probative character from that of a salesman of the commission firm who handled the fat hogs, who testified that the hogs in question were unloaded at the yards, and was not cumulative merely: So that refusal to grant the petition for new trial because of the cumulative character of the evidence was erroneous.

*Appeal from Ida District Court.*—HON. F. M. POWERS, Judge.

MONDAY, DECEMBER 18, 1911.

THIS is a proceeding commenced by petition for a new trial, filed within one year after rendition of judgment against the defendant; the alleged grounds for new trial being that the testimony of plaintiff as a witness was false and untrue to his knowledge, as shown by his subsequent testimony in another case, and the discovery of new evidence which, if produced on the trial, would have tended to contradict the testimony of plaintiff as then given. The court, on motion, struck out an amendment to the petition for new trial, on the ground that it was filed more than one year after the rendition of judgment, and refused to grant plaintiff any relief under the petition for the reason stated, that the newly discovered evidence was cumulative. The defendant appeals.—*Reversed.*

*Johnston Bros.,* for appellant.

*J. C. Walter,* for appellee.

MCCLAIN, J.—On the trial of the action in 1907, judgment was rendered for the plaintiff for the selling price of a car load of stock hogs delivered to defendant in 1902. The defense interposed on the trial was breach of warranty that, first, the hogs were not afflicted with the disease known as hog cholera; and, second, that said hogs had not been unloaded from the time they were shipped from South Dakota until they were unloaded at Ida Grove; the result of the breach of warranty being that the hogs were of no value on account of their diseased condition when delivered.

From the averments of the petition for new trial and the evidence offered in support thereof, it appeared that soon after the rendition of judgment in this case, in another case brought by this plaintiff against other defendants to recover the purchase price of other hogs delivered

at the same time, and a part of the same shipment, wherein
the same defenses were interposed, plaintiff's testimony as
to the transfer of the hogs from the cars of the Chicago,
Milwaukee & St. Paul Railway Company to the cars of the
Chicago & Northwestern Railway Company, at Sioux City,
in the course of their transportation from South Dakota
to Ida Grove, was materially different from that given by
him on the trial of this case, and that the difference was
such as tended to show his testimony on the trial of this
case to have been false; and, further, that a witness, one
Marshall, who was yardmaster of the Sioux City stock-
yards at the time the hogs were transferred at that city,
gave testimony, based on his records, materially contra-
dicting the testimony of plaintiff as witness on the trial
of this case, which testimony of Marshall this defendant,
although exercising due diligence, had been unable to dis-
cover before judgment was rendered against him.

I. The petition for new trial as originally filed suf-
ficiently recited the falsity of the testimony of plaintiff;
and it further recited that defendant had "discovered new
evidence which he could not and did not dis-
cover prior to the trial by the exercise of
due diligence and care; that since said trial,
and only recently, he has discovered and found the yard-
master of the Sioux City stockyards, who held such posi-
tion at the time the plaintiff unloaded the hogs sold to
defendant in the yards at Sioux City, Iowa," and a new
trial was asked on the ground of "the newly discovered evi-
dence herein set forth and the false, fraudulent, and per-
jured testimony of the plaintiff." These averments con-
stituted a very inadequate and insufficient statement of a
claim for a new trial on account of the newly discovered
evidence of the yardmaster, but we think it did constitute
a claim, in effect, that if defendant was granted a new
trial he could produce as a witness said Marshall, the
yardmaster, who would give testimony contradictory to that

1. NEW TRIAL:
amendment
of petition.

introduced for the plaintiff on the trial of the case. Therefore we think that the amendment to this petition, filed more than a year after the rendition of the judgment, more specifically referring to the reasons consistent with due diligence why the knowledge of Marshall as to the transaction in question was not sooner ascertained, was proper; and that, as no question was made at any stage of the proceeding in regard to the insufficiency of the averments relating to the newly discovered evidence of Marshall, save that due diligence was not shown, and that such evidence was cumulative, we shall proceed to determine the case on the theory that there was a sufficient averment in this respect of newly discovered evidence. The rule is that an amendment to a motion or petition for new trial may be made after the time limited by statute for the filing of such motion or petition, if no new grounds are therein presented. *Sowden v. Craig,* 20 Iowa, 477; *Dutton v. Seevers,* 89 Iowa, 302; *Means v. Yeager,* 96 Iowa, 694; *Harnett v. Harnett,* 59 Iowa, 401.

II. An objection to the sufficiency of the allegations in the petition now made for the first time, so far as indicated by the record, is that there was no issue in the case to which this newly discovered evidence of Marshall, or the inconsistency between the later testimony of plaintiff and his testimony on the trial in this case, would be pertinent. But it was alleged in the answer that plaintiff warranted and represented that the hogs had not been unloaded from the time they were shipped from South Dakota until they were unloaded at Ida Grove, and that this warranty was false and relied upon by defendant. From the proceedings on the trial of the case preserved in the record now presented, it appears that defendant undertook to prove as material matter the unloading of the hogs into the stockyards at Sioux City, and that at the time of purchasing the hogs he told plaintiff he would not buy them if they had been

2. NEW TRIAL: newly discovered evidence: materiality.

in such stockyards, on account of the danger that they might have there contracted the disease of hog cholera, which they would not have had the opportunity to contract if they had not been unloaded at such stockyards, or similar public yards, in course of shipment. It is apparent, therefore, that, whether or not the averment of the answer was sufficient to show the materiality of the evidence offered in the petition for new trial, such evidence was material under the issues actually presented in the case as tried. We can not say now that evidence squarely contradicting the testimony of the plaintiff on the trial would not be material, if the case should be retried.

III. It will be necessary to separately consider the proposed evidence that plaintiff in a subsequent case gave testimony wholly inconsistent with his testimony in this

3. NEW TRIAL: newly discovered evidence: materiality.

case, the inconsistency being of such character that its proof would be to this defendant's advantage, and the proposed proof that Marshall, the yardmaster, would give testimony on a material matter, inconsistent with the testimony of plaintiff in this case which was adverse to the defendant. The inconsistency between the testimony of plaintiff on this trial and his testimony on the subsequent trial of a different case consisted in the fact that on the trial of this case, for the purpose of showing that the hogs had not been unloaded into or transferred through the stockyards at Sioux City, so as to be exposed to danger of contracting hog cholera, and in explanation of the fact that the hogs were carried from Sioux City in a different car from that in which they reached that point in the course of their transportation from South Dakota to Ida Grove, plaintiff testified that after certain fat hogs intended for the Sioux City market were unloaded from the car into the yards the car was by the railroad company taken to a point beyond the stockyards, where the hogs intended for the defendant were transferred to another car by means of a platform extending between

the two cars, which were placed side by side; while on the subsequent trial plaintiff testified that after the fat hogs were removed from the car he knew nothing further about what was done with this car and another car of hogs which accompanied it, intended for other purchasers at Ida Grove, and that he was not present when the hogs from these two cars were transferred to the cars in which they arrived at Ida Grove. We are satisfied from the record of the absolute inconsistency of the testimony of plaintiff on these two trials, and that, if his subsequent testimony on the other trial was true, then plaintiff's testimony on the trial of this case was false, and to the prejudice of this defendant.

So far as plaintiff's subsequent testimony on the other trial might be relied upon for the purpose of showing fraud practiced in obtaining the judgment in this case, under Code, 4. SAME: false section 4091, relating to new trials on petestimony. tition filed within a year, we think it was not competent or material. We have held that in an action in equity, instituted after the expiration of the year within which a petition for new trial might have been filed, to set aside a judgment for fraud, it is not competent to prove that the judgment was procured by false swearing or perjury, such a fact being intrinsic and conclusively adjudicated in the judgment rendered (*Graves v. Graves,* 132 Iowa, 199), and, as the equitable relief from a judgment on account of fraud which may be granted after the expiration of the year allowed for petition for new trial is limited to the kind of relief which might have been granted under the statute on application made within a year, we see no reason why this rule is not also applicable to that ground of relief, when relied upon in a petition under the statute. It has been so ruled without particular argument or discussion in *Dooley v. Gladiator Consolidated Co.,* 134 Iowa, 468, and *Kelley v. Cummens,* 143 Iowa, 148. The decisions of this court relied upon for appellant to show

that false swearing by a party to the action may be shown as a ground for a new trial seem .not to be particularly in point.    In several of them the ground for new trial relied upon was misconduct of the prevailing party or accident or surprise, which are grounds recognized in Code, section 3755, for a new trial applied for within three days after the judgment, but are not grounds which may be first presented by a petition for new trial filed within a year, under Code, section 4091. *First National Bank v. Wabash, St. L. & P. R. Co.,* 61 Iowa, 700; *Pickering v. Kirkpatrick,* 32 Iowa, 163; *Cleslie v Frerichs,* 95 Iowa, 83.   The cases of *Heathcote v. Haskins,* 74 Iowa, 566, and *Brown v. Byam,* 59 Iowa, 52, were sufficiently referred to in the case of *Graves v. Graves, supra.* So far, therefore, as the subsequent testimony of plaintiff in another case was relied upon to establish fraud in procuring the judg-. ment in this case by perjury and false swearing, it was not competent or material, and could not be considered.

But ·newly discovered evidence is a ground for new trial which may be presented by petition.   See Code, sections 3756 and 4094; *Heim v. Resell,* 133 N. W. (Iowa), 881, decided at present term. Admissions of a party made against his interest are independent substantive evidence as against him, and their subsequent discovery may be a ground for a new trial, as constituting newly discovered evidence.   They are not merely impeaching; nor are they merely cumulative. *Alger v. Merritt,* 16 Iowa, 121; *Eckel v. Walker,* 48 Iowa, 225; *Feister v. Kent,* 92 Iowa, 1; *Murray v. Weber,* 92 Iowa, 757; *Means v. Yeager,* 96 Iowa, 694; *Preston v. Oley,* 88 Va. 491 (14 S. E. 68); *Goldsworthy v. Town of Linden,* 75 Wis. 24 (43 N. W. 656); *Andrews v. Mitchell,* 92 Ga. 629 (18 S. E. 1017); *Simons v. Cissna,* 60 Wash. 141 (110 Pac. 1011); *Hart v. Pratt,* 19 Wash. 560 (53 Pac. 711); *Gardner v. Mitchell,* 6 Pick. (Mass.) 114 (17

5. SAME: newly
   discovered
   evidence.

Am. Dec. 349); *Klopp v. Jill,* 4 Kan. 482; *Strout v. Stewart,* 63 Me. 227; *Rains v. Ballow,* 54 Ind. 79.

The question still remains, however, whether these declarations and admissions of plaintiff made in his subsequent testimony on another trial constituted newly discovered evidence, in view of the fact that such declarations and admissions had not been made when the trial in the present case took place. Can the unsuccessful party have a new trial on the ground of newly discovered evidence, where such evidence was not in existence when the trial was had? We find little light on this subject in the authorities. So far as we have been able to discover, the pertinent cases support the proposition that acts and declarations, subsequent to the trial, made by the successful party and inconsistent with his right to recover, may be shown as a ground for a new trial asked for within the period within which an application for a new trial is allowed to be made. *Stauffer v. Martin,* 43 Ind. App. 675 (88 N. E. 363); *Wall v. Trainor,* 16 Nev. 131; *Welch v. Nashoe,* 8 Tex. 189. The cases of *Lasseter v. Simpson,* 78 Ga. 61 (3 S. E. 243), and *Keeley v. Great Northern R. Co.,* 139 Wis. 448 (121 N. W. 167), relate to statements of witnesses made after the trial in which they testified, and are therefore plainly not in point; for statements out of court made by a witness inconsistent with his testimony can only be shown for impeaching purposes, and new trials are never granted on the ground of newly discovered evidence which is merely impeaching in its character. The case of *Bank v. Pratt,* 31 Me. 501, is not in point; for, though the offer was to introduce the testimony of a witness who could not have testified on the trial, by reason of the disqualification of interest which had been subsequently removed, the court held the offer insufficient, because the disqualification might have been removed prior to the trial, in the exercise of reasonable diligence, and the party at the trial was aware of its existence. The cases of *Sullivan v. O'Conner,* 77 Ind.

149, and *Crow v. Brunson,* 1 Ind. App. 268 (27 N. E. 507), sometimes cited in opposition to the rule which we have announced as supported by the weight of authority, are on that point disapproved in *City of Indianapolis v. Tansel,* 157 Ind. 463 (62 N. E. 35), which is hereafter cited. It is true that in *Dooley v. Gladiator Consolidated Co.,* 134 Iowa, 468, this court suggested that the act of a party after the trial, in the nature of an admission inconsistent with his position during the trial, could not be presented as a ground for new trial by petition; but, as the refusal of the lower court to sustain the petition for new trial was supported on other grounds, the suggestion on this point is in the nature of a dictum, and we are satisfied now that acts and declarations of the successful party which, if they had occurred prior to the trial, but were not ascertained in the exercise of reasonable diligence, might be shown as grounds for new trial in the nature of newly discovered evidence may also be grounds for new trial, if they do not occur until after the trial, provided, of course, they do occur within the time within which a new trial may be asked on motion or petition on account of newly discovered evidence. An illustration of the propriety of granting a new trial on account of offered evidence of acts of the successful party inconsistent with the position taken by him on the trial is found in the cases holding that, where there has been a recovery for personal injuries predicated upon the apparent existing disability of the injured party as he appears in court constituting an element affecting the measure of damages, a new trial may be granted on a showing that immediately after the recovery of judgment his physical condition was so much better than that apparent on the trial that he must have intentionally and falsely assumed an extent of disability which did not exist. *City of Indianapolis v. Tansel,* 157 Ind. 463 (62 N. E. 35); *Corley v. New York & H. R. Co.,* 12 App. Div. 409 (42 N. Y. Supp. 941); *Brooks v. Roches-*

*ter R. Co.,* 10 Misc. Rep. 88 (31 N. Y. Supp. 179); *Cole v. Fall Brook Coal Co.,* 16 N. Y. Supp. 789.

We are well aware of the reasonable objection to the prolonging of litigation by the offer to introduce newly discovered evidence, but in the interest of justice we think that in a proper case, and within the limited period of time fixed by the statute, the unsuccessful party ought to be allowed to secure a new trial on a showing that the acts and conduct of the successful party, even after the trial, have been absolutely inconsistent with the truthfulness of his testimony on the trial. The extension of the rule as to admissibility of evidence, so as to include as competent witnesses the parties to the litigation, makes it important that every practicable check be afforded to the procuring of an unjust result by their false testimony. The trial court erred, therefore, in refusing to sustain the petition for new trial, supported by a showing that plaintiff subsequently testified on another trial in a manner entirely inconsistent with the truthfulness of his testimony on the trial of this case; it appearing that his testimony in this case may well have been the controlling consideration in the minds of the jurors in reaching their verdict.

IV. On the trial in which the judgment in this case, which it is now sought to have set aside, was rendered, the plaintiff testified unequivocally that the transfer of the hogs from the Milwaukee car to the North-

**6. SAME.**

western car was made at the Sioux City stockyards by placing the cars side by side on adjoining tracks, and running the hogs from one car into another over a chute or platform. This testimony was given on cross-examination, after the plaintiff had unequivocally stated on direct examination that they had not been unloaded from the time they left South Dakota until they reached Ida Grove, and that they had not been unloaded into or transferred through the Sioux City stockyards. In the proceedings under the petition for a new trial,

Marshall, the yardmaster of the Sioux City stockyards, testified that he was such yardmaster at the time the hogs were thus transferred, and had the original records of the yards for the date on which such transfer, as appeared by plaintiff's testimony, took place. These records being offered in evidence showed that the hogs were unloaded into a certain specified pen of the yards from a Milwaukee car, and were loaded into a Northwestern car from the same pen. These records plainly tended to contradict the testimony of plaintiff given on the trial, and constituted material and competent evidence, which would be available to defendant on a retrial of the case.

With reference to the diligence exercised by defendant to discover this evidence prior to the trial, he testified that he had seen Marshall relative to calling him as a witness, and that Marshall then told him he had no recollection of the transaction, and that it was not until the subsequent trial in the other case, brought against other defendants, that defendant learned the existence of records of the stockyards which would have been available to him, had he known of them. This, we think, constituted a sufficient showing that the discovery of the evidence afforded by the records was not made until after the trial of his case, and that it was not by reason of a failure to exercise due diligence that the existence of the records was not sooner ascertained.

7. SAME: diligence.

The trial court, in refusing a new trial under the petition, held that defendant had used due diligence in attempting to get the evidence of Marshall, but refused a new trial on account of this evidence, on the ground that it was cumulative testimony. As to this feature of the case, the record shows that on the trial one Tummel, being called as a witness by the defendant, testified that he was a hog salesman in the employ of the commission firm to which were consigned the fat hogs out of the car in which the stock hogs sold to de-

8. SAME: cumulative evidence.

fendant had been brought as far as Sioux City, and that the stock hogs were unloaded in the Sioux City stockyards, and were reshipped to Ida Grove. We are clearly of the opinion that the lower court erred in holding that the records of the stockyards which constituted a part of the testimony of Marshall were merely cumulative with the testimony of Tummel on the same point. It was not evidence of the same kind, but was of a distinctively different probative character. *Murray v. Weber,* 92 Iowa, 757; *Hanousek v. Marshalltown,* 130 Iowa, 550; *Bullard v. Bullard,* 112 Iowa, 423; *Stineman v. Beath,* 36 Iowa, 73; *Hambel v. Williams,* 37 Iowa, 224; *Schnee v. Dubuque,* 122 Iowa, 459; *German v. Maquoketa Savings Bank,* 38 Iowa, 368; *Boggess v. Read,* 83 Iowa, 548; *Wayt v. Burlington, C. R. & M. R. Co.,* 45 Iowa, 217. The court erred, therefore, in holding that the records offered as a part of the testimony of Marshall were not sufficient to require the granting of a new trial, on the ground that such evidence was cumulative.

The ruling of the trial court, refusing a new trial on defendant's petition, is therefore *reversed.*

Deemer, J.—I agree to the conclusion, but not with the third division of the opinion. Upon the proposition there involved, I am disposed to disagree with the conclusion of the majority.