new trial denied, and judgment directed for the defendants on the verdict.

Charles W. Henning and Another, Appellants, v. Seymore Bennett and Another, Respondents.—Judgment and order affirmed.

Rochester Printing Company, Appellant, v. Patrick Fahy and Others, Respondents.—Judgment affirmed, with costs.

George Cooper, Plaintiff. v. William H. Gorsline and Another, Defendants.—Motion for a new trial denied, and judgment directed for the defendants on the nonsuit.

Anna B. Neal, Respondent, v. The City of Rochester, Appellant.—Judgment affirmed, with costs, on the authority of *Smith* v. *The City of Rochester* (92 N. Y. 463; 38 Hun, 612; 104 N. Y. 674).

Maria B. Mitchell, as Sole Surviving Executrix, etc., Appellant, v. Frank H. Ball and Another, as Executors, etc., Respondents.—Judgment affirmed, with costs.

In the Matter of the Application of Cornelia Varney, as Legatee, etc., under the Will of George A. Varney, Deceased, for Payment of Annuity, etc.—Judgment affirmed, with costs of this appeal against the appellant personally.

Alice L. Oishei, Respondent,v. Achille J. Oishei, Appellant.—Order affirmed, without costs.—Dwight, P. J., not voting.

George W. Ough, Respondent, v. William J. Ford, Appellant, Impleaded, etc.—Order affirmed, without costs.

Johanna Steinhauer, as Administratrix, etc., Respondent, v. Anna B. Acker, Appellant.—Judgment affirmed, with costs.

Charles W. Crossman and Another, Respondents, v. David B. Lochner, Appellant.—Judgment affirmed, with costs.

Harry P. Simpson, Respondent, v. James L. Hatch and Another, Appellants, Impleaded, etc.—Judgment affirmed.

Eugene Storms, an Infant, by Guardian, Appellant, v. William Skillett, Respondent.—Judgment and order affirmed.

Hampton Dodge, Respondent. v. Henry Weill, Appellant.—Order affirmed, with ten dollars costs and disbursements.

In the Matter of the Probate of the Alleged Will of James R. Whitney, Deceased.—Reargument ordered.

Henry S. Anderson, Respondent, v. Edward T. Dickinson, Appellant.—Judgment reversed, new trial granted, costs to abide the event.—LEWIS, J.: This is the second time this case has been before this court upon appeal from a judgment entered upon the report of a referee. We held, in deciding the first appeal, that the referee had erred in his construction of the contract upon which the plaintiff's cause of action is based when the contract was read in connection with the evidence on the trial and we reversed the judgment and granted a new trial (72 Hun, 556). The case was retried and before the same referee and it appears by his second report that he has adhered to his former conclusions. His findings on the second trial are more elaborate than were his first findings, but they were based upon substantially the same evidence. Both parties were present and testified upon the first trial. The defendant is a resident of France and was not present at the second trial, but his testimony given on the first trial was read by stipulation. The plaintiff was called and testified on the last trial, and in relating a conversation he had with the defendant and which he had assumed to fully state upon the former trial he added new matter not before stated. When asked why he had omitted it on the first trial he replied that he was not then interrogated in reference to it; he did not claim that it did not occur to his mind. It is upon this new matter that the plaintiff mainly relies to distinguish the case as now presented from the former appeal. It is apparent from the record that the plaintiff is an intelligent man of considerable business experience and that he fully comprehended the questions involved in the litigation and the effect of the evidence, and it is altogether improbable that the new matter would have been left out by him on the first trial when he was stating the conversation if it, in fact, was a part of it. We are satisfied, after an examination of the evidence on this appeal and a re-examination of the evidence in the former record, that the facts are substantially the same; if there be any material change it is in favor of the defendant; a number of letters written by the defendant, not read in evidence on the former trial were in evidence on the second trial; it is quite difficult, if not impossible, to reconcile their contents with the plaintiff's alleged cause of action. We find no reason for changing our conclusions upon the former appeal. The judgment should be reversed and a new trial granted, costs to abide the event. Werner, J., concurred; Ward, J., dissented; Bradley, J., not voting.

Mary S. Brooks, Respondent, v. Rochester Railway Company, Appellant.—Judgment and order affirmed.

William C. Bryant, as Executor, etc., Appellant, v. Sarah A. Gay and Others, Respondents.—Judgment affirmed, without costs.—WARD, J.: Joseph N. Tift died on the 22d day of April, 1873. Previous to and at the time of his death he was one of a firm carrying on business in Buffalo manufacturing steam engines and boilers under the firm name of George W. Tift Sons & Co. The other members of the firm were George W. Tift, John V. Tift, Clarence L. Whiting, C. F. Gay, Mary A. Plimpton, and one share held by G. W. Tift in trust for Lewis Whiting Gay. There were fourteen shares in all in the concern; Joseph N. Tift was the owner of two and one-half shares. The members of the firm were closely related and no difficulty seems to have occurred prior to the death of Joseph. Joseph left a last will and testament which was duly admitted to probate and John V. Tift and the plaintiff were named as executors. On the 1st day of May, 1873, the survivors of this firm, together with Sarah A. Gay, organized a new one under the same name which took possession of the assets of the old firm and carried on the business. While the old firm was in existence, and in July, 1868, Joseph, John V. and George W. Tift, Whiting and C. F. Gay with four other parties organized in Buffalo a joint stock association under the laws of the State of New York named the Plimpton Fire Proof Elevating Company, the capital stock of which was $300,000. Joseph subscribed for $2,000 of the stock and was a director in the association up to the time of his death. This association erected and operated a fire proof elevator in Buffalo which was completed and ready for business in 1869. The old firm of G. W. Tift Sons & Co. furnished a large part of the material and means for the construction of this elevator. On October 30, 1869, the association mortgaged the property to secure the payment of $200,000. Joseph joined in the mortgage. The association had some real estate in Buffalo. The value of this elevator at the time of the death of Joseph, as found by the referee, was $255,000. The referee also found that at that time the association was indebted to the firm on open account in the sum of $36,122.35, and on promissory notes in the sum of $200,000. The firm held stock in the association, the par value of which was $170,000, which account, notes and stock were a part of the assets of